## GILMAN vs. THIESS and another.

In causes tried by the court upon issues of fact, the party filing exceptions must make them so specific and certain as to show whether upon appeal he desires to review the judge's finding of facts, or his conclusions of law thereon, or both.

When there are several facts found, or conclusions of law stated, the exception should also show to which one of them objection is made. Per DIXON, C. J.

APPEAL from the Circuit Court for *Sheboygan* County.

Ejectment. The judge, in his finding, stated separately the facts found and his conclusions of law thereon, and directed judgment to be entered for the plaintiff. The defendant filed a general exception " to the decision of the judge." Judgment for the plaintiff; from which the defendant appealed.

*J. A. Bentley,* for appellants.

*Jason Downer,* for respondent.

*By the Court,* DIXON, C. J. In causes tried by the court upon issues of fact, the statute provides for two classes of exceptions; the one to the facts found by the judge, where a review of the facts is desired ; the other to his conclusions of law thereon, where such conclusions are thought to be erroneous. The party desiring to appeal may file his exceptions within one or the other of these classes, or both. Laws of 1860, ch. 264, sec. 13. We have no hesitation in laying it down as a sound rule of practice under this statute, that the party filing his exceptions must make them so specific and certain as to show to which class they belong—whether upon appeal he desires to review the facts, or the judge's conclusions of law thereon, or both. No doubt correct practice would in general require the party excepting to be more specific than this even, and when there are several facts found, or several conclusions of law, to specify to which finding of fact or conclusion of law objection is taken. This is necessary in order to apprise the opposite party of the objection to be urged in the appellate tribunal, which is one very important office of

an exception, especially one taken after the trial and decision. Otherwise the counsel might discuss one point in the court below, and come here to reverse the judgment upon another and quite a different point, not made there, and perhaps not then discovered, and not indicated at all by the exceptions. But whether this last proposition be true or not, we feel no doubt about the former. *Taft v. Kessel*, 16 Wis., 273. It must appear from the exceptions whether the appellant comes here to review the facts or the law. This was an issue of fact tried by the court, and the exceptions are bad within the latter rule, and raise no question for our decision, except upon the form of the exceptions themselves. They are in these words: "The defendants except to the decision of ihe judge upon the trial of the above entitled action." It would be impossible to express exceptions in language more indefinite and uncertain. The judgment must be affirmed, since we cannot examine the merits to determine whether any error has intervened or not.

Affirmed.