## CRISMAN vs. McDONALD et al.

BILLS OF EXCEPTIONS: *Requisites of, where several objections.*

A general statement, in a bill of exceptions, that the party excepted to the rulings of the court, is not sufficient to have the same considered here, but the bill of exceptions should *specifically* state and point out the *grounds* of objections, whether as to the law, the facts, or to both.

Crisman vs. McDonald et al.

SAME: *When not error to refuse instructions, etc.*

It is not error for the court below to refuse instructions asked by counsel, if the court correctly give the law upon all the points arising in the case.

SAME: *Practice on.*

This court will not reverse a judgment, where there is a *general* objection to the whole number of instructions given, if any one of them is good.

APPEAL from *Independence* Circuit Court.

Hon. ELISHA BAXTER, Circuit Judge.

*A. H. Garland*, for appellant.

*U. M. Rose*, for appellees.

MCCLURE, C. J.   Street & Martin of Batesville, drew a draft on Street, Crisman & Co. of the city of Memphis, Tennessee, which draft was accepted by the last named firm, and of which the appellant was a member, which was allowed to go to protest.   The draft alluded to was drawn in favor of the appellee Logwood, as the agent of the appellee, at the request of W. H. Street and E. B. Crisman, who are also members of the firm of Street, Crisman & Co., went to Batesville to see if Street & Martin would not pay said draft in cotton, and thus take the acceptance of Street, Crisman & Co. up.   On arriving at Batesville, Logwood, the agent of Mrs. McDonald, saw Street & Martin, and they agreed to give him eighteen bales of cotton in satisfaction of the draft drawn by them on Street, Crisman & Co., and instead of making an actual delivery of the cotton, the firm of Street & Martin gave to the agent of Mrs. McDonald a receipt of which the following is said to be a copy:

"BATESVILLE, Ark., Dec. 25, 1867.

"Received of Mrs. M. B. McDonald, to be shipped by first boat from this place, eighteen bales of cotton to be consigned to A. J. Roach & Co. of Memphis, Tenn."

"(Signed.)   STREET & MARTIN."

On receiving this receipt, the agent of Mrs. McDonald gave to Street & Martin the draft which had been drawn in her favor, and which was accepted by the house of Street, Crisman & Co. of the city of Memphis. Street & Martin never shipped the cotton. W. B. Crisman, of the firm of Street, Crisman & Co., shortly after the giving of this receipt, went to Batesville, and seems to have assumed charge of the business of Street & Martin. At the time the receipt was given to Mrs. McDonald for eighteen bales of cotton, Logwood testifies that twelve or fifteen bales of the cotton were lying in front of the store, as the cotton which she was to have, and that Street & Martin told him that the balance was at the gin house. The cotton in front of the store was turned over to Buckner & Co. in the payment of a debt of Street & Martin, and for which the firm of Street, Crisman & Co. were liable as acceptors.

Mrs. McDonald brought suit against W. B. Crisman for the value of the eighteen bales of cotton, and recovered judgment in the sum of twenty-two hundred dollars, from which Crisman appealed to this court.

There are thirteen causes assigned in the motion for a new trial, and we will dispose of them in their order.

*First.* "Because the court erred in permitting a part of the deposition of Logwood to be read to the jury as against the objection of the defendant."

*Second.* "Because the court erred in permitting the testimony of L. C. Gause to go to the jury as evidence in the case over the objection of defendant."

*Third.* "Because the court erred in permitting the testimony of J. J. Martin, the rebutting witness, to go to the jury as evidence in the cause."

That portion of Logwood's deposition, which is objected to, is as follows: "They (Street & Martin) replied to my demand (for the cotton), that W. B. Crisman had possession of it;

that they placed it in his hands with other cotton which belonged to them. When I went back, in April of 1868, Street told me that they had set apart to Mrs. McDonald her full complement of cotton as they had promised me to do, and delivered it to Crisman." The exclusion of this testimony was asked upon three *grounds : first*, because it is hearsay ; *second*, that Street & Martin were competent witnesses to establish that fact, and *third*, because the defendant was not present or a party to said conversation.

The testimony of Logwood, which the appellant objected to, is inadmissible to fix liability on Crisman. It is hearsay, and should have been excluded, but it does not follow, because of this error, that the judgment will be reversed, for it could not have prejudiced the cause of the appellant, as the same facts are substantially testified to by the very witnesses, Street & Martin, whom the appellant admits were competent witnesses.

The testimony of Gause and Martin is also objected to ; but the *grounds* of the objection are not stated, as was done in Logwood's case. The code says : " An exception is an objection taken to a decision of the court upon a matter of law " (sec. 365), and the three hundred and sixty-eighth section says : " Where the decision is not entered on the records, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing and present it to the judge for his allowance and signature." The object of a bill of exceptions is to present to the appellate court a point of law decided in the court below, prejudicial to the substantial rights of the party appealing. The bill of exceptions states that the appellant objected to the testimony of two witnesses, and that the court overruled his objection ; but what his objection was, or the point of law ruled on, is not disclosed. Under this state of facts, how are

we to ascertain whether the court below ruled correctly or incorrectly? The question in this court is, *not* whether the testimony of these witnesses should have gone to the jury; but is, Did the court err in its ruling upon the point of law, or objection presented to it by the counsel for the appellant?

There are various grounds on which and for which the testimony of a witness may be excluded. The testimony of a witness may be excluded on the ground that the witness is a person deficient in understanding; or that he is insensible to the obligations of an oath; that it is irrelevant, or that it is hearsay. Suppose a party were to object to the testimony of a witness upon the ground that he was a person deficient in understanding, and that his objection was overruled, and that he should take his bill of exceptions, as is done in this case, without specifying his ground of objection, and insist that the court erred in admitting the testimony, on the ground that the witness was insensible to the obligations of an oath, or on the ground that it was irrelevant, or hearsay; and suppose we should reverse on either one of the grounds, would we not be adjudicating and reversing a cause upon a ground not presented to the court below, and in a cause where it had not erred in any of its rulings and decisions?

Section 367 of the code says the objection must be stated. By this it is not meant that it shall be stated that the party objected, but that his reason or grounds of objection shall be stated.

In the case of *Walrath v. Riley*, 1 Bush. (Ky.), 268, the appellant offered to read in evidence certain depositions. The appellee excepted and the exceptions were sustained. To the ruling of the court the appellant objected and took his bill of exceptions, but the ground of objection was not disclosed. In passing on this defect, the court said: "He (the appellant should have stated in the bill of exceptions to the depositions

the objections to the depositions, and the grounds upon which they were rejected. Unless the grounds upon which said de positions were rejected were stated and certified to this court, we must presume the court below decided correctly. The depositions, from anything that appears to us, may have been rejected for want of notice, or some other good and valid reasons besides incompetency, a question which is not now properly before us, and we need not express any opinion in reference to it."

In the case of *Camden v. Doremus et al.*, 3 How., 530, after each deposition offered in evidence by the plaintiffs, the defendant, so his bill of exceptions states, " objected, and that his objection was overruled." Like the case at bar, the ground of objection is not disclosed. Justice DANIEL, in delivering the opinion of the court in that case, said : " With regard to the manner and import of this objection, we would remark, that they were of a kind that should not have been tolerated in the court below, pending the trial of the issue before the jury. Upon the offer of testimony, extended and complicated as it may often prove, it could not be expected, upon the mere suggestion of an exception, which did not obviously cover the competency of the evidence, nor point to some definite or specific defect in its character, that the court should explore the entire mass for the ascertainment of defects, which the objector himself either would not or could not point to their view. It would be more extraordinary still if, under the mask of such an objection, or mere hint at objection, a party should be permitted in an appellate court, to spring upon his adversary defects which it did not appear he ever relied on ; and which, if they had been openly and specifically alleged, might have been easily cured. It is impossible that this court can determine, or do more than conjecture, whether it applied to form, or substance, or how far,

if any particular view was presented to the court below, the court may have been warranted in overruling it. We must consider objections of this character as vague and nugatory, and, if entitled to weight anywhere, as without weight before an appellate court."

In the case of *Doe v. Natchez Insurance Co.*, 8 S. & M., 205, Chief Justice SHARKEY said : "It does not appear, from the bill of exceptions, on what ground the evidence was objected to, or for what reason it was ruled out. The objection was general and it was sustained. It is proper, in objecting to evidence, that the ground of the objection should be stated, as in that way only can parties be confined, in this court, to the same ground of objections which was taken in the court below.

In the case of *Miller v. Duff et al*, 34 Mo., 169, it appears that the statement of an engineer not under oath was offered in evidence. To the reading of the certificate or statement, the defendants objected, and the court overruling the objection, they excepted. The bill of exceptions does not state the ground of objection, and in referring to this point Judge BATES said : "The objection to the admission in evidence of the memorandum of Peabody is not so saved as to authorize this court to look into it. The ground of objection is not stated at all." *Woodburn v. Caydal*, 39 Mo., 222.

This court held in *Stillwell v. Gray*, 17 Ark., 473, that "where there is an exception to the instructions given by the court below, and all the testimony is saved by a bill of exceptions, this court will consider the testimony only so far as it may be necessary to do so, in order to test the correctness of the instructions." It was also held in *Carr v. Crain et al*, 7 Ark., 250, that "the province of a bill of exceptions is not to draw the whole matter into examination again, but only the *points* to which it is taken, and the party taking it must lay his finger on these points."

Crisman vs. McDonald et al.

In this case it appears from the bill of exceptions, that the appellant asked the court to give six instructions which are set out at length, all of which the court refused, and the appellant excepted. The court, on its own motion, gave ten instructions, to all of which the appellants excepted. The exception is to the entire charge, and is general. The question now arises, what error is presented by the bill of exceptions. By excepting to an entire charge, containing ten different declarations of law, does the appellant lay his finger on the error complained of, if any one of the charges are good? The statute of Indiana regulating bills of exceptions is identical with the provisions of our code. In the case of the *State v. Bartlett*, 9 Ind., 571, the bill of exceptions after reciting the instructions asked and those refused, and those given, concludes as follows: "At the time the court made each one of the foregoing rulings and decisions, the state by her prosecutor objected and excepted." In commenting on this practice, the supreme court of that state said: "To say at the close of a bill of exceptions, that the party excepts to the opinion of the court in giving a series of instructions consisting of ten distinct propositions, and refusing to give another series of seventeen distinct propositions, lacks that precision and accuracy so essential in legal proceedings, especially in the higher courts. It violates alike the spirit and the letter of the new practice."

In the case of *Jolly v. Terre Haute Draw Bridge Co.*, 9 Ind., 419, eleven distinct propositions of law were asked to be charged, which the court refused, and eleven were given to which the appellant excepted, generally, as is done in this case and the court said: "The error assigned is to the ruling of the court on each set of instructions collectively. This is not a good exception or assignment under the statute. The assignment of errors relied upon must be specific"

In the case of *Decker v. Matthews*, 2 Kern., 313, and in *Hunt v. Maghee*, 3 Seld., 273, upon a similar state of case as the one at bar, it was held that a general exception to an entire charge could not be sustained, if any independent portion of the charge was correct. These cases are referred to by the supreme court of the United States, in *Johnson v. Jones et al.*, 1 Black, 220, and the court said : "It is well settled, that if a series of propositions be embodied in instructions, and the instructions are excepted to in a mass, if any one of the propositions be correct, the exception must be overruled."

In the case of *Bevier v. Dillingham*, 18 Wis., 528, it was held, that it must appear from the exceptions whether the appellant comes here to review the *facts* or the *law ;* * * * continuing, the court said : "We have no hesitation in laying it down as a sound rule of practice, that a party filing his exceptions must make them so specific and certain as to show to which class they belong, whether the appeal is to review the facts or the law, or both. * * * This is necessary in order to apprise the opposite party of the objection to be urged in the appellate tribunal ; otherwise, the counsel might discuss one point in the court below, and come here to reverse the judgment upon another and quite a different point, not made there, and perhaps not then discovered."

In *Reynolds v. Railroad*, 43 N. H., 588, the court said: "An objection taken to the charge of the court, in general terms, is not sustainable. It is quite too broad. If any part of the instructions to the jury was regarded as objectionable, the exception should be taken to that specifically."

The ninth instruction reads as follows: "If you find for the plaintiff, you will say so by your verdict, indicating the amount." The tenth is as follows: "If you find for the defendant, you will simply say so by your verdict." Both of these instructions are objected to, and we are at a loss to know

why. As has been stated, it was held in *Stillwell v. Gray*, 17 Ark., 473, that where there is an exception to the instruction given by the court below, and all the testimony saved by a bill of exceptions, this court will consider the testimony only so far as may be necessary to do so, in order to test the correctness of the instruction, but in that case, the exception was to a single instruction. That case differs from the one at bar in this, that the exceptions in this case relate to sixteen different propositions of law, while in the case alluded to, the bill of exceptions related to a single proposition. Now, the question arises, Is it the province or the duty of this court to take up the evidence in this case, and examine the instructions one by one, to see if it can pick a flaw, or find an error in any one of the charges?

Justice DANIEL, in *Camden v. Doremus*, 3 How., 530, said the mere hint at objection should not entitle a party, in an appellate court, to spring upon his adversary defects which he never relied on in the court below. Our Code says (sec. 365) that an exception is an objection taken to a decision of the court upon a matter of law, and if the exception (sec. 369) is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing. The grounds of objection to giving the instructions complained of, and refusing to give those asked, do not appear in the record, neither does the bill of exceptions set them out. It may be claimed that the motion for a new trial sufficiently notifies this court of the grounds of objection. The reasons assigned for a new trial cannot be regarded as evidence of the action of the court upon the trial (17 Ky., 317). The real question in this case is, Is this court bound to take up the six instructions asked by the appellant, and examine the evidence presented by the bill of exceptions, one at a time, to see if any one of them is correct, and, after

having done this, take up the ten instructions given by the court, to see if we can find any objection to them, and, if so, give the appellant the benefit of an error or blunder his counsel has not pointed out? It strikes us, if we should adopt such a rule, that the labor of counsel would be greatly ameliorated. Were we to do so, would we not be departing from the rule laid down in *Carr v. Crain*, 7 Ark., 250, that the party taking the exception should lay his finger on the error complained of? We do not wish to be understood as saying that the reason which the court below gave for refusing to give an instruction should be stated in the bill of exceptions. What is meant is, that the exception objected to must be stated with certainty. The reason for this rule is this: that this mode directs the attention of the judge to the wrong complained of, but if you allow counsel to object, generally, to a series of ten instructions, nine of which are right, such a course does not call the judge's attention directly to anything. We have examined the instructions given by the court on its own motion, and while some of them are very general, we can see no objection to them, such as would warrant a reversal. The instructions which the appellant asked, and which the court refused to give, such as are not clearly erroneous, are given substantially, and covered by those given by the court. It is not error for the court to refuse to give instructions asked by counsel. The question is, whether the law of the case, as given by the court, was correctly given, and whether it covered all the points arising in the case.

We feel disposed to lay it down as a rule that, in the future, we will not reverse a judgment where there is an objection to the whole number of instructions given, if any one of them is good. It is hardly possible that in a series of ten instructions, they should all be erroneous, and, hereafter, we shall decline to search through a record, like the one in this case, to find

an error, where counsel have excepted generally to the whole charge. Counsel must elect, specifically, what instructions they object to, to the end that the precise questions of law presented to the court below may be reviewed here. We do not propose to establish a rule which would allow counsel to take advantage of error, in this court, which never occurred to him in the court below.

Judgment affirmed.