11    37
34   384

[No. 1594.  Decided February 1, 1895.]

W. H. LICHTY, *Appellant,* v. T. R. TANNATT, *Respondent.*

ORAL INSTRUCTIONS — GENERAL EXCEPTIONS — CONSTRUCTION OF CHARGE
AS A WHOLE.

Where a general exception is taken to oral instructions, the ap-
pellate court will review such of the instructions only as are spe-
cially mentioned or excepted to in the exception taken.

When there is evidence, based upon an issue raised by the plead-
ings, which tends to prove a certain state of facts, it is not error for
the court to charge the jury on the hypothesis of such state of facts,
if further instructions present fairly the position of the adverse
party.

*Appeal from Superior Court, Whitman County.*

*W. T. Stoll*, for appellant.

*Chadwick, Fullerton & Wyman*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The errors assigned here are altogether based upon the instructions of the court to the jury, and are quite numerous. The record shows the following:

" The court having delivered his instructions to the jury orally and not in writing, the plaintiff excepts to the whole thereof, and more particularly to that part which denies the liability of the defendant, in case the jury find that the plaintiff has been guilty of any unfair dealings or fraud in negotiating the sale alleged in the complaint, and further to that charge of the court with reference to the mutual declaring off of the contract by the parties, and to the entire charge."

It is claimed by the respondent that this exception brings nothing for review to this court; that it is a familiar principle of law that a general exception to a charge containing two or more distinct legal propositions is unavailing if either of the propositions states the law correctly; and that if the charge containing two or more propositions is excepted to as a whole, all must be affirmed, if one is found correct.

We think there is no doubt that the authorities sustain this proposition. It was decided by the supreme court of the United States, in *Cooper v. Schlesinger*, 111 U. S. 148 (4 Sup. Ct. 360), that where a charge expressed several distinct propositions, a general exception is of no effect, if any one of them is correct. And in the notes to *Strohn v. Detroit, etc., R. R. Co.*, 99 Am. Dec. 114 (23 Wis. 126), the author collates the

authorities on this subject and overwhelmingly sustains the proposition announced. Had the instruction in this case been written, we are satisfied that there would have been nothing for review brought here by the exceptions as given. But a more liberal rule, probably, ought to be applied where the court gives oral instructions. It cannot, however, be extended further than a review of the instructions which were especially mentioned or excepted to, as that part of the exception which provides for an exception to the whole thereof or to the entire charge, amounts to no exception at all. We will, therefore, notice only the exceptions to the portion of the charge which was especially called to the attention of the court.

We do not think the construction contended for by the appellant in relation to the charge of the judge with reference to the mutual declaring off of the contract by the parties, is tenable when taken in connection with the whole instruction. It is true that the court instructed the jury that, if they found the plaintiff did secure a purchaser who afterwards entered into a contract for the purchase and sale of the goods in question, and if they found from the testimony that this sale was never consummated, and further found that it was mutually declared off by the parties to the contract; they should find for the defendant. But this is qualified by further instructions of the court to the effect that, if they found that the defendant entered into this contract through fraudulent acts and misrepresentations of the plaintiff concerning the terms of the contract, they should find that the plaintiff could not recover. But the court laid down the general proposition to the jury, and instructed them specially, that if they found that the defendant employed the plaintiff to find a purchaser and to make a sale of the

stock of hardware mentioned in the pleadings, and that the plaintiff acted in pursuance of that contract and procured a purchaser for the goods, and the defendant and purchaser entered into a contract for the stock of goods, and that the plaintiff performed all the conditions and did all he had to do, as far as he could, to assist in procuring a purchaser, and that the contract was not carried out through the fault of the defendant; they should in such case find for the plaintiff what his services were reasonably worth.

The instruction as a whole, it seems to us, was not misleading to the jury in any respect. The issue was raised by the pleadings, and the testimony is to the effect, that the plaintiff took advantage of the illness of the defendant to read to him the contract which he had drawn up, and that he omitted to read a portion of it, which omission made a material difference in the contract; that as soon as this came to the knowledge of the defendant he objected to the performance of the contract, and that he and the purchaser mutually rescinded. We think that the instruction, in the light of the testimony, was thoroughly understood by the jury, and was correct.

This disposes of both the instructions complained of, so far as they are brought here for review. There being no other errors alleged, the judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.