34   379
42   365
42   467

[No. 4652.   Decided March 17, 1904.]

ROSE GALLAMORE, *Respondent,* v. CITY OF OLYMPIA,
*Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE—COMPLAINT—
CHARACTER OF PLACE. A complaint for personal injuries sustained
through a defect in a sidewalk, which alleges that the same was
"constructed, maintained and supervised" by the city in a certain
street is sufficient against demurrer whether the sidewalk was in
a public street or not; also, because the presumption that all
streets are public streets could only be overcome by answer.

SAME—LOCATION OF SIDEWALK IN STREET.   An allegation that
the sidewalk was on the "north side" of a certain street and that
the street was in the city, sufficiently shows that the sidewalk was
within the city limits.

SAME—PROOFS ADMITTED WITHOUT OBJECTION.   Where proofs
admitted without objection showed the sidewalk to be within the
city limits, failure to allege the fact is not fatal.

SAME—CONSTRUCTIVE NOTICE OF DEFECT.   In an action for per-
sonal injuries through defects in a sidewalk, it is a sufficient alle-
gation of the city's notice of the defect to allege facts from which
notice to the city could be inferred.

SAME—DEMAND BEFORE SUIT—CLAIM FOR PERSONAL INJURIES.
The general statute requiring demands against a city to be filed
before suit does not apply to claims for damages for personal in-
juries.

APPEAL—REVIEW—EXCEPTION TO INSTRUCTIONS—SUFFICIENCY. A
general exception to an entire instruction, "and to each and every
part thereof" is insufficient if the charge contains several distinct
propositions, any one of which is correctly stated.

PLEADINGS—TRIAL AMENDMENT TO INCLUDE DAMAGES FOR PAIN
AND SUFFERING.   In an action for personal injuries where evidence
of plaintiff's pain and suffering was received without objection,
under a complaint detailing all the items of damage without any
special demand for such damages, the complaint will, upon appeal,
be deemed to have been amended at the trial, as that could have
been done as of course.

DAMAGES—PROSPECTIVE SUFFERING AND LOSS.   In an action for
personal injuries an instruction that the jury may take into con-

[1]Reported in 75 Pac. 978.

sideration the probable amount of future pain, suffering, and loss which the plaintiff would sustain, does not authorize speculative damages, since that is' equivalent to charging that there may be a recovery therefor if they were "reasonably certain."

SAME.    Such an instruction would not be erroneous in any event if construed to define the measure of the amount of damages rather than the degree of proof necessary to any recovery.  .

MUNICIPAL  CORPORATIONS — STREETS — NEGLIGENCE — PRESUMPTION AS TO SAFETY OF WALKS.    It is proper to instruct that one using a sidewalk of a city with due care may act on the presumption that it is reasonably safe throughout its entire width.

SAME—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.    Testimony of the plaintiff and other witnesses that she fell into an existing hole in the sidewalk is sufficient to make a case for the jury, even if it is contradicted.

SAME—CONSTRUCTIVE NOTICE OF DEFECT.    Evidence that a hole in the sidewalk had existed for over a year is sufficient to show constructive notice on the part of the city.

SAME—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN—PLAINTIFF'S NOTICE OF DEFECT IN SIDEWALK.    Where the plaintiff states positively that she did not know of a defect consisting of a hole in the sidewalk over which she had passed prior to the injury, her contributory negligence in using the walk is a question for the jury.

DAMAGES—WHEN EXCESSIVE.    A verdict for $8,040 for personal injuries sustained by reason of a fall through a hole in the sidewalk is excessive, when it is clear that the state of plaintiff's health was due in part to surgical operations, one of which occurred prior to the injury, and which were alone sufficient to account for much of her ill health; and the same should be reduced to $5,000.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered June 16, 1903, upon the verdict of a jury rendered in favor of the plaintiff. Affirmed upon the condition of remitting all in excess of $5,000 and costs.

*M. G. Royal, Frank C. Owings,* and *James A. Haight,* for appellant, to the point that it was error to instruct that the plaintiff could recover for "probable" future suffering and expense, cited: *Curtis v. Rochester etc. R. Co.,* .18

N. Y. 534; *Strohm v. New York etc. R. Co.,* 96 N. Y. 305;
*Ford v. Des Moines,* 106 Iowa 94, 75 N. W. 630; *White
v. Milwaukee City R. Co.,* 61 Wis. 536, 21 N. W. 524;
*Hardy v. Milwaukee City R. Co.,* 89 Wis. 183, 61 N. W.
771; *McBride v. St. Paul City R. Co.,* 72 Minn. 291, 75
N. W. 231.

*Troy & Falknor,* for respondent.

FULLERTON, C. J.—The respondent, who was plaintiff
below, brought this action to recover for personal injuries
received by her, as she alleges, from a fall caused by a
defect in the sidewalk of the appellant city. At the trial in
the court below, a verdict was returned in her favor for
the sum of $8,040, for which sum, together with the costs
of the action, a judgment was entered against the city.
This appeal is from that judgment.

The appellant first challenges the sufficiency of the com-
plaint. It is objected that the complaint fails to allege
that the street upon which the accident happened was a
public street, that the sidewalk through which the respond-
ent fell was within the corporate limits of the city of Olym-
pia, that the city had notice of the defect in the walk which
caused the injury, or that a claim for the damages sued for
was ever presented to the city council of the city of Olym-
pia, for rejection or allowance. But we think there is no
merit in any of these contentions.

As to the first, the allegation of the place of the injury
is in the following language: "That on the North side of
Maple Park, a street within the corporate limits of the said
defendant city, and between Franklin and Main streets on
said North side of said Maple Park, there is, and was at
all times mentioned herein, a sidewalk which was con-
structed and had been maintained and supervised by said
defendant city, through its legally constituted officers and

servants." This, in our judgment, is sufficient to show liability on the part of the city for defects in the walk. If the city assumed jurisdiction over the walk by constructing, maintaining, and supervising it, it is responsible for its safe condition, whether the walk was or was not on a public street. But, aside from this, the omission complained of would not be fatal to the complaint in any event. All streets of a city are presumed, in the absence of a showing to the contrary, to be public streets, and, if it were the fact that the street mentioned was not a public street, the objection could not be raised by a general demurrer, but would have to be taken by answer.

As to the second objection, it is true there is no direct allegation that the sidewalk on which the accident occurred was within the corporate limits of the city of Olympia. In the quotation from the complaint above made, it will be observed that the allegation is that the street named is within the corporate limits of the city, and that the sidewalk is on the north side of the street. To the ordinary mind, however, this conveys the idea that the sidewalk was laid along the north side of the street, and in the street; and if it was, it is of course, within the corporate limits of the city. This we think is good as against a general demurrer, whatever might have been its effect as against a motion to make more definite and certain. But aside from this, proofs went into the record, without objection, that the sidewalk was within the corporate limits of the city, and the case was tried throughout by the city on that assumption. In the light of this fact, it is idle now to contend that the omission would be fatal, even were it true that the complaint did not contain the allegation in question.

As to the allegation of notice on the part of the city, the complaint, instead of alleging directly that the city had

notice of the defect complained of, stated facts from which such notice would be inferred. This is enough. As proof of constructive notice of the defect causing the injury would sustain a recovery, it is sufficient to allege constructive notice. The allegations need not be stronger than the required proofs.

The last objection on this branch of the case is answered in *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847. It was determined in that case that the general statute, requiring "demands" against a city to be presented to the city council for rejection or allowance, did not include claims for damages for personal injuries. This rule has been uniformly adhered to by us ever since, and we think is a correct interpretation of the statute. The demurrer to the complaint was properly overruled.

It is next assigned that the court erred in instructing the jury that they might, when making up their verdict, take into consideration, if they found that the respondent was otherwise entitled to recover, the pain and suffering she had undergone, and might undergo in the future, by reason of her injuries. This contention is founded on the form of the prayer of the complaint. The respondent, after setting out in her complaint in detail the cause and nature of her injuries, and the several ways she had been damaged by reason thereof, demanded judgment for loss of wages, for amount she had paid and contracted for gurney hire, for amounts she had paid and contracted for drugs and medicines, physician's services, hospital charges, and "for damages caused by permanent injuries," but made no special demand for damages caused by pain and suffering. It is argued that because no special demand was made for damages on account of these items the respondent was precluded from recovering therefor, and consequently it was

error for the court to charge the jury that she might so recover.

To this contention there are several answers, the first of which is that the appellant has not properly preserved the question for review in this court. The part of the charge complained of was contained in a paragraph consisting of several distinct propositions, each of which, except possibly the one in question, was free from error. The exception was to the paragraph as a whole, "and to each and every part thereof," but it did not point out to the court the precise matter thought to be objectionable. This was not enough. The rule is general that an exception, taken to an entire charge containing several distinct propositions, is unavailing if any one of the propositions be correct; and the same rule applies where the exception is to a part of a charge which contains in itself more than one proposition. *Lichty v. Tannatt,* 11 Wash. 37, 39 Pac. 260; *Rush v. Spokane Falls & Northern R. Co.,* 23 Wash. 501, 63 Pac. 500; Blashfield's Instr. to Juries, § 366; 8 Enc. Plead. & Prac., 258-261. As was said in *Block v. Darling,* 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476:

"The general exception 'to all and each part of the foregoing charge and instructions,' suggests nothing for our consideration. It was no more than a general exception to the whole charge. If the trial court's attention had been specifically called at the time to the particular part of the charge that was deemed erroneous, the necessary correction could have been made. An exception 'to all and each part' of the charge gave no information whatever as to what was in the mind of the excepting party, and, therefore, gave no opportunity to the trial court to correct any error committed by it."

This language is peculiarly apt when applied to the exception before us.

At the trial evidence that the respondent had undergone much pain and suffering, and was destined to undergo much more in the future, was offered and received without objection. Pain and suffering following an injury are elements properly to be considered in estimating damages caused by that injury. The court was, therefore, warranted in assuming that the complaint was as broad as the evidence, and the appellant cannot be permitted to take advantage of that mistake without showing that it called attention to it. The exception as taken failed to do this. It failed even to mention the objectionable part of the charge; much less did it give the reason why it was objectionable. Indeed, had the form of the exception been the result of a studied effort to obscure the real objection, it could not have been framed more happily to secure such a result.

But if the question were properly before us the result would not be different. This particular defect in the complaint was one capable of being amended, and could have been amended at the trial as of course. Amendments which might have been made in the court below on motion will, in the appellate court, be deemed to have been made.

The court instructed the jury that, if they found the respondent was entitled to recover, they might take into consideration, in making up their verdict, the probable amount of pain, the probable loss of time, and the probable amount of expense, she would suffer and be subjected to in the future on account of her injuries. It is objected to this that it left the jury to give damages against the appellant for consequences which were contingent, speculative, or merely possible, while the rule is that damages for future pain and suffering, loss of time, and the like, can only be given when it is reasonably certain that they will ensue as a result of the injury.

Undoubtedly, it would be error for the court to allow the jury to award damages for matters purely speculative, or for those conditions not supported by a preponderance of the evidence, but we think the instruction complained of is far from doing this. The word probable is defined in Webster's International Dictionary, as "Having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely;" and in common acceptation the word implies, when applied to a condition which may be supposed beforehand, that we know facts enough about the condition supposed to make us reasonably confident of it; or, at the least, that the evidence preponderates in its favor. In civil actions it is a general rule, to which there are but few exceptions, that the jury may find according to the preponderance of the evidence. We know of no reason why an exception should be made in this instance, and we do not think the courts applying the term "reasonably certain" to supposed future conditions meant any more than this, but that each of them would have approved an instruction to the effect that the jury might return damages for future pain and suffering if they found, by a preponderance of the evidence, that such pain and suffering would ensue.

However, the charge of the court is not without direct authority in its support. In 1 Sedgwick, Damages, p. 249 (8th ed.), the author, speaking of prospective losses, after stating the rule to be that such losses must be reasonably certain to ensue, uses this language: "This 'reasonable certainty' does not mean absolute certainty, but reasonable probability;" citing *Griswold v. New York Cent. etc. R. Co.*, 115 N. Y. 61, 21 N. E. 726, 12 Am. St. 775, and *Feeney v. Long Island R. Co.*, 116 N. Y. 375, 22 N. E. 402, 5 L. R. A. 544, where it was held not error to permit

answers to questions put to an expert medical witness concerning the probability of the injured party suffering in the future from his injuries. In *Hamilton v. Great Falls S. R. Co.,* 17 Mont. 334, 42 Pac. 860, 43 Pac. 713, the court said:

"The court charged, among other things, that damages could be awarded for 'such consequences as are *reasonably likely* to ensue in the future;' and again, 'plaintiff may recover for all pain and suffering which she has sustained or in *reasonable* probability will hereafter sustain, etc.' The appellant now contends that damages can only be awarded when it is rendered reasonably certain from the evidence, that damages will inevitably, and necessarily result from the original injury. In this case all testimony as to future disability consisted of expert medical opinions. Certainty of future effects was impossible and reasonable probabilities were necessarily the bases of the opinions expressed. Therefore to say that she could recover for suffering which she would in reasonable probability sustain, was practically to say that she might recover for suffering which she was reasonably certain to sustain. The degree of proof would be the same in either case."

And in Pennsylvania it was held that a charge which told the jury that they might allow for such pain and suffering as the injured person was "likely to suffer" in the future by reason of his injuries was not error. *Scott Township v. Montgomery,* 95 Pa. St. 444. To the same effect is *Illinois Cent. R. Co. v. Davidson,* 76 Fed. Rep. 517; and see, also, *Swift v. Raleigh,* 54 Ill. App. 44; *Kenyon v. City of Mondovi,* 98 Wis. 50, 73 N. W. 314. In some of these cases, it is true, the phrases used were "likely to suffer," "reasonably likely to suffer," and the like, but there can be no distinction in meaning between such phrases and the phrase under discussion.

Counsel for both appellant and respondent have argued the questions pertaining to this instruction as if the court

used the word "probable" with reference to the possibility of the respondent suffering and sustaining losses in the future because of her injuries, and for this reason we have discussed the question with the same thought in view. It has seemed to us, however, after a reading of the entire charge, that it is a misconstruction of the meaning of the court. As we read the charge, the court did not use the word in this connection with the idea of expressing the degree of proof necessary in order to enable the respondent to recover—elsewhere in the instructions it had done that— but used the word rather as a measure of the quantum of her recovery, in case they should find she was entitled to recover at all. The court did not, by this instruction, say that the jury could find for the respondent, if they found that she would probably suffer pain in the future and probably sustain the other enumerated losses, but it charged them to the effect that, if they found by a fair preponderance of the proofs that she would suffer pain in the future, and would be subject to loss of time and expenditures because of her injuries, then the jury could, in estimating her damages, take into consideration the probable amount of pain she would suffer, the probable loss of time, and the probable amount of expense she would be put to in the future on account of such injuries, which, as we say, gives it rather the sense of a measure of quantity than the expression of a possibility. If this be the true meaning of the instruction, it is clearly not erroneous.

It is complained that the court erred in charging the jury to the effect that one, traveling upon the sidewalk or street of a city without notice of any defect therein, has the right, when using due diligence and care, to presume and act upon the presumption that it is reasonably safe throughout its entire width. This instruction is sustained by the case of *Gallagher v. Town of Buckley*, 31 Wash.

380, 72 Pac. 79, and is, we think, a correct statement of the law.

The appellant challenges the sufficiency of the evidence to support a verdict for respondent. It argues that it does not appear from the evidence that the hole in the walk, into which the respondent fell, was one existing prior to the accident, that it was not shown that the city had knowledge of it prior to that time, and that it does appear that the respondent was guilty of contributory negligence; but on each of these questions we find a substantial conflict in the evidence, and think they were properly submitted to the jury. The testimony of the respondent, and of the woman who accompanied her at the time of the injury, is to the effect that she fell into an existing hole in the walk, and the testimony of other witnesses shows that the holes had been in the walk at that place for something like a year prior to the accident, and that they rendered the walk unsafe for travel. If, therefore, it was necessary to show that the respondent stepped into an existing hole, this evidence was sufficient to make a case for the jury even though contradicted. So, also, the testimony that the unsafe condition of the walk existed for so long a time was proof, sufficient to go to the jury, on the question of the city's knowledge of the defect; it was evidence of constructive notice, and constructive notice is sufficient. The only thing we have discovered in the record indicating contributory negligence was the fact that the respondent passed over the walk prior to the injury, and, for that reason, may have known of the existing holes. Her testimony, however, was positive to the effect that she did not know of them. This made it a question for the jury.

The other errors assigned, save the one next to be noticed, we think hardly merit separate consideration. Indeed some of them are passed over by the appellant with nothing more

than their mere mention. Suffice it to say, therefore, that we have examined them with care, and find nothing that requires a reversal of the judgment rendered.

Lastly, it is contended that the judgment is excessive, and with this contention we are inclined to agree. Doubtless the appellant was, at the time of the trial, in so far as her state of health was concerned, in a somewhat pitiable condition, but the evidence makes it clear that this was not entirely the result of her injury. She had been subjected to two surgical operations, each of which was capital in its nature. One of these occurred prior to the time of her injury, and of course could in nowise be traceable thereto. The second occurred some little time after, and it is doubtful at best whether the condition necessitating it was the result of, or only aggravated by, the injury. The condition of the body necessitating these operations were alone sufficient to account for much of her ill-health, and it appears to us that the jury, in making up their verdict, may not have very carefully segregated the conditions for which the city could be held responsible from those for which it could not. For these reasons we have decided to reduce the judgment to five thousand dollars.

The order of the court will be, therefore, that if the respondent, within thirty days from the time of the filing of this opinion, will remit from the judgment all in excess of the sum of five thousand dollars and the costs taxed in the court below, the judgment will stand affirmed for those sums, otherwise the judgment will be reversed, and a new trial granted. In case the remission is made, neither party will recover costs in this court. If not so made, costs of this court will go to the appellant.

DUNBAR, HADLEY, MOUNT, and ANDERS, JJ., concur.