[No. 16097. Department Two. December 20, 1920.]

## S. J. Kane, *Respondent*, v. T. C. Nakamoto, *doing business under the name of Nippon Auto Rent Company, Appellant.*[1]

Election of Remedies (3)—Acts Constituting—Proof of Damages. In an action for damages to an automobile, plaintiff's introduction in evidence of certain repair bills without objection does not constitute an election of remedies or waive his right to prove the damage by showing the value of the automobile before and after the accident.

Municipal Corporations (379, 390)—Use of Streets—Collision at Crossings—Question for Jury. Where there was a dispute in the evidence as to which car first arrived at a street intersection, it is for the jury to say whether the exigencies of the situation justified plaintiff's driver in "cutting the corner" in making the turn.

Trial (83)—Instructions—Form and Language—"Find"—"Convinced." Error cannot be assigned in instructions to the jury in the use of the word "convinced" in place of "find", where it is plain the jury could not have been misled.

Damages (47)—Future Pain and Suffering—Instructions. Error cannot be assigned upon an instruction as to future pain and

[1]Reported in 194 Pac. 381.

suffering because the words "reasonably certain" were not used, where the jury were simply told they could award damages for all the consequences of the injury, one of which would be future suffering.

DAMAGES (62)—MEASURE OF DAMAGES—PERSONAL PROPERTY—INJURY TO CAR. The measure of damages for injuries to an automobile is correctly stated to be the difference in value immediately before and after the collision; but where repair bills were introduced without objection, it is not error to instruct that they may be considered for the purpose of determining whether there was a decrease in the value.

APPEAL (123) — PRESERVATION OF GROUNDS — OBJECTIONS TO EVIDENCE. It is not error to base an instruction upon evidence admitted without objection.

Appeal from a judgment of the superior court for King county, Holden, J., entered June 19, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Van Dyke & Thomas,* for appellant.
*Milo J. Loveless,* for respondent.

MAIN, J.—The purpose of this action was to recover for personal injuries and damages to an automobile. After the issues were framed, the cause was tried to the court and a jury, and resulted in a verdict in the sum of $1,727.50. Within the time required by law, the defendant moved for a judgment notwithstanding the verdict, and subsequently made a motion for a new trial. These motions were both overruled by the trial court and a judgment entered upon the verdict. The defendant appeals.

On August 22, 1909, at the intersection of East Union street, Twelfth avenue and Madison streets, in the city of Seattle, an automobile driven by an employee of the appellant struck an automobile driven by the respondent. East Union street runs approximately east and west, and is intersected at right angles

by Twelfth avenue. Madison street runs approximately southwesterly and northeasterly. The three streets have a common intersection. The respondent was driving east on Union street and the appellant's car was coming southwesterly on Madison street, each approaching the intersection.

The evidence is in conflict as to the speed of the respective cars and also as to which car first reached the intersection. The collision occurred on the south side of Union street, not far from the east curb line of Twelfth avenue. The respondent sustained serious personal injuries; the automobile which he was driving was damaged to a considerable extent. The plaintiff charged that the appellant was guilty of negligence in that his automobile was being driven at an excessive rate of speed, and also that the automobile was being propelled at a greater rate of speed than was permitted by the city ordinances and by the state statute. The appellant denied the charges of negligence, and plead affirmatively that the respondent had been guilty of contributory negligence which caused the accident.

Upon the trial, the respondent introduced in evidence, to which there was no objection, certain repair bills. Subsequently he sought to establish the amount of damage to the automobile by showing the difference between its value before and after the accident. This testimony was objected to by the appellant, claiming that, by putting in evidence the repair bills, the respondent had waived his right to prove damage in any other matter. This is the first point made in the briefs.

The fact that the repair bills were introduced in evidence without objection would not constitute an election, or a waiver on the part of the respondent of his right to prove the legal measure of damage which his

subsequent testimony tended to establish. Whether the repair bills were admissible as bearing upon the question of depreciation in the value of the automobile is a question not necessary here to determine, because no objection was made to their introduction.

It is next contended that the trial court erred in not entering a judgment notwithstanding the verdict. The evidence, as already stated, upon the question of speed and which automobile first arrived at the intersection was conflicting. It appears that the driver of the appellant's car, as he approached the intersection, intended to turn south on Twelfth avenue. In making this turn he did not go around the point of intersection of the streets, but did what is referred to as "cut the corner." Whether he was justified in doing this under the exigencies of the situation was a question for the jury.

If we have gathered the appellant's argument correctly, the claim is that, since there was no controversy over the width of the streets, their condition, or the grades, these facts, taken in connection with the respondent's testimony, were such as to require the granting of the motion for judgment notwithstanding the verdict. The argument seems to be that, with these conceded or undisputed facts and with the appellant's automobile going at the speed respondent claimed, the latter could, by accelerating his speed, have avoided the accident. We think, however, that the court would not be justified in supporting this theory and overturning the verdict of the jury. There was substantial evidence upon which the verdict could rest.

The further assignments of error to be noticed relate to the instructions. In instruction 9, the jury were told that, if they should "find" by a preponderance of the evidence that the respondent received his

injuries and damage as a result of a collision between the cars, and that such collision was the proximate result of the negligence of the appellant (as negligence had been defined in the instructions), then the verdict should be for the respondent. In the concluding part of the instruction, the jury were told that, if they were "convinced" by a fair preponderance of the evidence that the driver of the "defendant's" car was negligent, as that term had been defined, then their verdict should be for the defendant. The criticism of this instruction is that in the first sentence the word "find" is used, and in the second "convinced," the objection being that the word "convinced" requires a greater quantum of proof than the word "find." The two words may not be synonymous, but it is plain that the jury could not have been misled by their use. The criticism to us seems rather technical. The word "defendant" was used inadvertently where the word plaintiff should have been used. However, when the instruction is read in its entirety, it is plain enough that the jury could not have been misled by this error.

In instruction 12, where the measure of damages was defined, the jury were told that, in ascertaining the damages

"    .   .   .    all the consequences of the injury, future as well as past, are to be taken into consideration, including loss of time or capacity to work, if any, damage to car, if any, and bodily pain and suffering, reasonable doctor's bills, if any has been proven, bodily inconvenience, as mental disturbances if shown, and such sum awarded, if any, as will reasonably compensate the plaintiff for his injury. You will readily understand there is no exact legal standard by which to measure damages for pain and suffering or mental distraction, and upon these questions the jury must exercise its own good judgment and sound common sense based upon the evidence in the case."

The criticism directed to this instruction is that it does not limit the recovery for pain and suffering which may occur in the future to such as will be reasonably certain to result from the injury. The words "reasonably certain" are not used in the instruction, and it would have been more accurate had they been embodied therein. It does not say, as did the instruction in *Ongaro v. Twohy,* 49 Wash. 93, 94 Pac. 916, that damages for pain and suffering which "may" occur in the future can be included in the verdict. Here the jury are told that they may award damages for all the consequences of the injury, one of which, if there was evidence to base it upon, would be future pain and suffering. The instruction does not fall within the rule of the case just cited, but rather within the rule of the case of *Gallamore v. Olympia,* 34 Wash. 379, 75 Pac. 978, where it was held that, in an action for personal injuries, an instruction that the jury may take into consideration the probable amount of future pain and suffering which would be sustained did not authorize speculative damages, since it was equivalent to charging that there may be a recovery if such damages were reasonably certain.

In instruction 13, the jury was told that the measure of damages for injury to the car, if any, would be the decrease in the fair market value thereof. In other words, "the difference in the value immediately preceding and immediately following the collision, if there was any." In this instruction, it was stated that the repair bills which had been received in evidence might be taken into consideration by the jury in determining whether or not there was a decrease in the value of the car by reason of the collision, and if so in determining the amount thereof. The first part of the instruction stated the correct measure of damages. The evidence

16—113 WASH.

as to the repair bills having been received without objection, it was not error for the court to advise the jury that they could consider such evidence for the limited purpose there stated. It is not error to give an instruction based upon evidence admitted without objection. *Johnson v. Caughren,* 55 Wash. 125, 104 Pac. 170, 19 Ann. Cas. 1148.

The judgment will be affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and TOLMAN, JJ., concur.