[No. 17067. Department One. October 16, 1922.]

HENRY MEEHAN, *Respondent,* v. JAMES HESSELGRAVE
*et al., Appellants.*[1]

PARTNERSHIP (10) — EVIDENCE — PRESUMPTIONS AND BURDEN OF PROOF. In an action against two alleged partners in the ownership of an automobile, the burden of proof resting upon plaintiff to establish the partnership is not met by evidence of an advertisement, over the surnames of the two partners as a firm, of a stage line in which the automobile was used, in the absence of any evidence that the alleged partner had authorized or knew of the use of his name in the advertisement.

MUNICIPAL CORPORATIONS (392)—USE OF STREETS—NEGLIGENCE—INSTRUCTIONS. Upon an issue as to negligence in the operation of an automobile through alleged error· in judgment, instructions should adopt, as a standard, reasonable and ordinary care.

DAMAGES (47) — FUTURE PAIN AND SUFFERING — INSTRUCTIONS. Error can not be assigned upon an instruction as to future pain and suffering which plaintiff "may suffer as a result of the injury" in the absence of a request for any different instruction.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered May 21, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action by a pedestrian, struck by an automobile. Reversed as to one defendant; affirmed as to the other.

*Thos. R. Waters,* for appellants.

*F. M. Hamilton,* for respondent.

MITCHELL, J.—Plaintiff instituted this action against James Hesselgrave and Claude Smith, as partners, doing business under the firm name of Hesselgrave and Smith, for damages for personal injuries received by him, caused by the alleged negligent operation by one of their employees of an automobile, in backing the car out of a garage onto the sidewalk on which the plaintiff

[1]Reported in 210 Pac. 2.

was walking, in Sumas, Washington.   The answer
signed by the attorney for the defendants, and verified
by Hesselgrave only, consisted of general denials
coupled with a specific allegation denying that the car
belonged to or was being operated for them, but that
it belonged to and was being operated for Hesselgrave
on his own account, and that Smith had no interest in
the car and was in no way connected with the operation
of it; and further the answer contained the affirmative
defense of contributory negligence, which latter was
denied by the reply.   A jury trial resulted in a verdict
against the defendants; and from a judgment thereon,
appeals have been taken.

The only testimony that Smith was a partner was
that of the respondent that he understood Hesselgrave
and Smith owned the car, and the attempt on his part
in his testimony to confirm that statement by putting
in evidence, over objections, a printed schedule, posted
in Sumas, of a stage run, for which the automobile was
used, with the name of Hesselgrave and Smith printed
at the bottom.   It was upon this testimony and the
court's instructions, duly excepted to, concerning the
rule of one being held out to the public as a co-partner,
that the verdict and judgment against Smith rest.
There was no testimony that appellant Smith knew
anything whatever at any time of the advertising card,
or that he ever resided or was ever in the county of
Whatcom.

The complaint alleged that the defendants were part-
ners, and, under the general and specific denials of the
answer, the burden was on the respondent to prove it.
In order to hold Smith liable as a partner, upon the
theory of the respondent and the court's instructions,
it must satisfactorily appear that the alleged act of
holding out was done by Smith or with his assent, ex-
press or implied.   30 Cyc., Partnership, page 393.

There was no such testimony; just simply the posting of the schedule of the stage line.

In the case of *First Nat. Bank of Gainesville v. Cody,* 93 Ga. 127, 19 S. E. 831, in seeking to show a partnership, copies of an advertisement were offered in evidence, purporting to have been inserted by the firm in a newspaper published in the city in which the alleged partnership business was conducted. The dates of some of the insertions were prior to that of the contract in question. Upon referring to the fact that there was no evidence in the case to show that the advertisements were inserted by the Codys, or with their knowledge, or that they acquiesced in the same, the court said:

"It would be a dangerous doctrine to hold that a person could be held liable upon alleged partnership contracts by simply proving, without more, he had been advertised as a partner. Such a rule would operate rather harshly upon one who had never seen or heard of the advertisement, and consequently had had no opportunity to repudiate it in case it did not speak the truth."

Further argument is made on behalf of appellant Smith that the doctrine of estoppel against one permitting himself to be held out as a partner, when in fact he is not a partner, applies only in favor of one who extends credit to the concern. We find it unnecessary to discuss the subject, for the evidence upon that question is not sufficient in either view.

The second branch of the case relates to the appeal on behalf of Hesselgrave; and it is contended that the evidence was not sufficient to sustain any verdict against him. There was some conflict in the evidence. Without reviewing it, we are satisfied that it was properly allowed to be decided by the jury upon both the charge of negligence and the defense of contributory negligence.

The second assignment rests upon the refusal of the court to give a requested instruction holding the respondent liable if he erred in judgment. The instruction as requested is somewhat different from that set out in appellant's brief; however, the one requested was properly refused, the standard being reasonable and ordinary care. *Gage v. Springston Lumber Co.,* 47 Wash. 141, 91 Pac. 558.

Exception was taken to the instruction on the subject of future pain and suffering. Altogether the instruction is lengthy, and it is sufficient to set out the portion objected to, which is as follows:

"You will also take into consideration the physical pain, if any, suffered by the plaintiff, or which he may hereafter suffer as a result of the injury, if any, as shown by the evidence."

The criticism is that the instruction does not limit the recovery for future pain and suffering to such as will be reasonably certain to result from the injury. The appellant requested no different instruction on the subject; and while it is not the same, word for word, with the instruction on this subject approved in the case of *Ongaro v. Twohy,* 49 Wash. 93, 94 Pac. 916 (which we suggested in *Bennett v. Oregon-Wash. R. & Nav. Co.,* 83 Wash. 64, 145 Pac. 62, as preferable) it is sufficient according to the doctrine of the more recent case of *Kane v. Nakamoto,* 113 Wash. 476, 194 Pac. 381, for the reasons therein given.

The motion for a new trial on the part of the appellant Hesselgrave requires no separate consideration. It was properly denied.

Judgment reversed as to appellant Smith, with directions to dismiss; affirmed as to appellant Hesselgrave.

PARKER, C. J., MAIN, BRIDGES, and TOLMAN, JJ., concur.