[No. 6036. Decided April 28, 1906.]

WILLIAM KIRBY, *an Infant by His Guardian ad litem, Thomas Armstrong, Respondent,* v. THE WHEELER-OSGOOD COMPANY, *Appellant.*[1]

MASTER AND SERVANT—YOUTHFUL EMPLOYEE—DUTY TO WARN AS TO DANGERS OF OPERATION OF RE-SAW. The court cannot say, as a matter of law, that as to a youth of the age of sixteen years, without any experience under the existing conditions, a master owes no duty to instruct him as to the apparent dangers in connection with the operation of a re-saw.

DAMAGES—EXCESSIVE VERDICT—LOSS OF ENDS OF FINGERS. A verdict for $5,000 damages for the loss of the ends of three fingers of the right hand and the stiffening of the joints of the thumb is excessive, and should reduced to $3,500.

Appeal from a judgment of the superior court for Pierce county, Linn, J., entered June 8, 1905, upon the verdict of a jury for $5,000 for personal injuries sustained in the loss of ends of the fingers. Affirmed on condition of remitting $1,500.

*Charles Bedford ( G. M. Emory,* of counsel), for appellant. *Walter Christian* and *P. C. Sullivan,* for respondent.

FULLERTON, J.—This is an appeal from a judgment entered in favor of the respondent and against the appellant for personal injuries. The record discloses that the appellant was operating a sash and door factory, and that the respondent was one of its employees. At the time of receiving the injury, the respondent was a minor, having just entered upon his sixteenth year. He had then worked for the appellant something over three weeks, doing various duties, such as cleaning up and shoveling sawdust, bearing away lumber from the planer, and other machines; one of such machines being the re-saw, a machine used to rip inch lumber to lumber

1Reported in 85 Pac. 62.

of smaller dimensions. He was put at work at the re-saw at about the beginning of the third week of his employment and worked there, as he says, for a week or so, when he was directed to do other work. After a few days, he was again told to go to work at the re-saw. He commenced at seven o'clock in the morning, and had worked until about ten o'clock, when he brought his hand in contact with the saw, and received the injuries for which he sues.

When the appellant was first employed at the re-saw, the lumber being ripped was of considerable length, most of it being from twelve to twenty-four feet. Lumber of that length, after passing through the machine, would fall on rollers, where it would remain until taken away, giving the off-bearer no trouble to keep up with the machine. When he went back the second time, however, the pieces being put through were only about four feet in length. These, the respondent says, proved to be more difficult to handle than the longer pieces, as they would fall between the rollers, and pile up during the time he was changing the loaded truck for an empty one. He further says that he found that he could work more rapidly from the side of the machine than from the end, and changed his position to the side, and that after he had worked there some twenty minutes, or long enough at least to load one truck and part of another, his hand came into contact with the saw. He was not able to give any very clear description as to the manner in which he was hurt; saying that he did not know any more than that he "was reaching right near the saw and taking the stuff out and piling it on the truck," when the accident happened. The appellant's foreman testified that his hand must have come in contact with the top of the saw, as the board that was then in the saw was bloody, and showed the indentations of his fingers where the saw had pressed them against the board at the time they were cut off.

The respondent bases his right to recover on the contention that the appellant exposed him to a danger which he did

not understand or appreciate, and with respect to which he was not suitably warned and instructed. The evidence on the question of warning and instruction was conflicting. The respondent testified that he was not instructed at all how best to perform his duties, or warned as to the dangers of particular methods; testifying in this connection that he took his place behind the machine in the first instance because he had seen others stand there, and that he changed afterwards because he thought he could best perform his duties from the position last taken. The appellant's testimony was to the effect that he had been fully warned and instructed as to all matters essential to his safety. But since the jury found for the respondent we must assume that his version of the matter is the correct one.

The appellant, however, argues—and this is its main contention—that the dangers to which the respondent was subjected were so open and apparent that he must be held to have understood and appreciated them, and assumed the risk of injury therefrom even though he was not specially warned concerning them. Had the respondent been a man of mature years and possessed of ordinary intelligence and discretion, we would have no hesitancy in saying that the rule invoked should be applied to his case, and a recovery denied him. But, as we have often said, the same rule cannot be applied to the young that is applied to adults. The well-known characteristics of those of immature years, however intelligent they may be, to act quickly and rashly upon impulse makes it hazardous to their lives and limbs to employ them around exposed and dangerous machinery under any circumstances, but extremely so when they have not been instructed as to the safe manner of performing their duties, and warned against the dangers of adopting other and unsafe ways. Therefore, with respect to the children who are not likely, by reason of their immature years and lack of experience, to fully understand and appreciate the dangers to which they are exposed,

it is made the duty of the employer, contrary to the rule with
respect to adults, to warn them, even against open and apparent dangers.  But while the rules themselves are well understood, difficulties arise in their application.  There is a time
when a child is so young that the court can say, as a matter
of law, that to employ him around dangerous machinery without fully instructing him as to the open and apparent dangers
would be the grossest kind of negligence.  So there comes a
time in this same child's life when the court can say, as a
matter of law, that a failure to warn him of the open and
apparent dangers is not negligence.  Between these two extremes, however, there is, and from the nature of things there
must be, a debatable ground—a time when the inferences to
be drawn from the fact are disputable—when the court cannot say as a matter of law that the omission to warn is or is
not negligence.  In such cases it is the province of the jury
to draw the inference, and either party has the right to have
the question submitted to them.

Applying these principles to the case at bar, we are of the
opinion that the court did not err in submitting the facts to
the jury.  As we say, the respondent had just entered upon
his sixteenth year, and the experience he gathered in the few
weeks he was in the appellant's employ was the only experience he had had with machinery.  Although he had worked at
this particular machine before his injury, his experience did
not aid him on his return for the reason that the conditions
were entirely different.  When first at the machine, long
pieces were being ripped, and he had abundant time to take
care of them, for they would fall naturally upon the rollers.
On his return the pieces being ripped were short.  Some of
these would fall between the rollers and block the way of
others, causing the pieces to pile up and fall back towards
the machine.  The pieces on top and the ones he must reach
first would be next to the machine, and naturally he took
that position where he could work the more rapidly.  Whether

or not in doing so he assumed the risk of injury, we think, under all the circumstances, was a question for the jury.

It is assigned that the court erred in giving certain instructions, and in refusing to give certain others. These we have examined, but find no error in the rulings made.

The respondent lost the ends of the first three fingers of his right hand, and his thumb was split and the joints left stiff, leaving him the full use of the little finger only. The verdict was for five thousand dollars, and the appellant complains that it is excessive. Damages of this character are the most difficult of all damages to measure in money, and are peculiarly within the province of the jury. For this reason, courts allow many of such verdicts to stand notwithstanding they may feel as individuals that the sum allowed is greater than they would have consented to had the question been submitted to them primarily. In this instance, however, we feel that the verdict is larger than can be justified, even taking the most liberal view of the evidence, and have concluded that it ought not to be permitted to stand for a greater sum than $3,500.

The cause will be remanded to the superior court with instructions to allow the respondent thirty days after notice to him that the remittitur has reached that court in which to remit from the judgment $1,500. If the remission be made the judgment will stand affirmed, but if not made a new trial will be granted.

HADLEY, DUNBAR, and CROW, JJ., concur.