[No. 6732.  Decided September 7, 1907.]

EDGAR GAGE, *a Minor, by J. I. Seward, His Guardian Ad Litem, Appellant,* v. SPRINGSTON LUMBER COMPANY, *Respondent.*[1]

TRIAL—INSTRUCTIONS. Where the questions of negligence and contributory negligence are for the jury, each side is entitled to have the same submitted on proper instructions.

SAME. Although instructions as a whole may be correct, the case should be reversed if some parts are confusing and misleading, to the possible prejudice of the appellant.

MASTER AND SERVANT — ACTIONS — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE. In an action for personal injuries, it is error to instruct that the plaintiff cannot recover if his own negligence contributed approximately to the injury, the rule being that there must be want of ordinary care on the part of the plaintiff.

SAME—YOUTHFUL EMPLOYEE—DEGREE OF CARE. In an action for personal injuries sustained by a youthful employee, it is error to instruct that the plaintiff cannot recover if he received the injury in consequence of failing to observe reasonable instructions given to him, where no explanation is given as to what were reasonable instructions considering his youth and inexperience, except that the standard for his care was fixed in another instruction as such reasonable care as would be exercised by an ordinarily prudent person; since he was entitled to a more specific statement of the duties of an employer of children.

SAME—ASSUMED RISKS—YOUTHFUL EMPLOYEE. In an action for injuries sustained by a youthful employee, it is error to give an instruction as to assumed risks which would be applicable to an adult employee, without making any reference to plaintiff's youth.

SAME—CONTRIBUTORY NEGLIGENCE. In an action for personal injuries it is error to instruct, on the subject of contributory negligence, that the plaintiff cannot recover if he did "anything" that "in any way" contributed to the injury.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 7, 1906, upon the verdict of a jury rendered in favor of the defendant, after a

[1] Reported in 91 Pac. 558.

trial on the merits, dismissing an action for personal injuries sustained by a minor employee in operating a cut-off saw. Reversed.

*Thos. H. Wilson, John C. Kleber*, and *Robertson & Rosenhaupt*, for appellant.

*Danson & Williams* and *Peacock & Ludden*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries. The defendant operated a sawmill at Springston, Idaho, and the plaintiff was, at the time of the accident, in the defendant's employ. The plaintiff was then a boy, fifteen years of age. He was, when injured, operating a drag or cut-off saw for cutting slabs into shorter lengths. As the slabs were cut from the logs by the main saw of the mill, they were carried by means of live rolls to a position in front of the cut-off saw. This saw was suspended in a swinging frame and operated by means of an overhead shaft with accompanying pulleys and belt. When the slab was in proper position, the operator of the saw pulled the saw frame toward him by a handle attached for that purpose. This dragged the saw toward the operator and, by its circular motion, it cut its way through the slab, the course described by the saw being that of the arc of a circle. As the saw emerged from the slab, its moving teeth came above the table on which the slab rested and revolved in front of the operator. While the plaintiff was thus operating the saw, it was drawn forward so as to strike his right arm, entirely severing a portion of the arm from his body.

The complaint charged negligence on the part of defendant in a number of particulars relating to the construction and method of operating the saw, and also charged that defendant neglected to instruct the plaintiff as to the dangers and hazards of said place, and the defects in the saw and appliances. It was also alleged that these were not obvious to the mind of the plaintiff, and that he neither knew nor appreciated the

dangers. The defendant denied that it was negligent, and averred that the plaintiff's injuries were due to his own contributory negligence, and also that with knowledge of the danger he voluntarily assumed the risk thereof. The cause was tried before a jury, and a verdict was returned for the defendant. Plaintiff's motion for new trial was overruled, and judgment was entered dismissing the action. The plaintiff has appealed from the judgment.

The errors assigned all relate to instructions which were given to the jury, and to the refusal to give others requested by appellant. The respondent argues that, even if errors were committed in giving the instructions, they became harmless in view of the verdict, for the reason that it was entitled to have the jury instructed to return a verdict in its favor. We do not think the evidence warranted such an instruction in respondent's favor. Under the testimony, all questions of negligence or contributory negligence were for the jury, and each party was entitled to have those questions submitted to the jury by correct instructions, fully and clearly defining the law applicable to the facts as claimed by him. Somewhat extensive instructions were given, and to set forth all the criticized instructions *in haec verba,* with a discussion thereof, would require more space than the importance of the subject warrants. The respondent urges that, when the instructions are read as a whole, the objections to segregated parts thereof are overcome. In some respects such would doubtless be true in some cases; but under the particular facts of this case, we think that, even when the instructions are all considered as a whole, there are some parts that may have been confusing and misleading to the jury to the possible prejudice of appellant.

Without undertaking to take up in detail all the subjects assigned as error, we will refer to certain ones only. The following instruction was given:

"Or, if you should find that both the plaintiff and defendant were negligent, and the plaintiff's negligence contributed

proximately to the happening of the injury, then the plaintiff cannot recover, and your verdict must be for the defendant."

It will be seen that no reference is made in this instruction to the standard of reasonable and ordinary care, as being all that was required of appellant. The instruction might easily have been understood by the jury to mean that, without regard to any question of care, if appellant's conduct in any way contributed to the injury, it became negligence and precluded his recovery. The rule is, however, that, to constitute contributory negligence, there must be want of ordinary care, having in view all the circumstances of the case, and such lack of ordinary care must contribute to the injury as an efficient cause thereof. 7 Am. & Eng. Ency. Law (2d ed.), 375, 380. A part of the text upon the last-cited page, supported in the foot note by the citation of many authorities, is as follows:

"Nor will the fact that the person injured proximately contributed to his own injury by his conduct constitute contributory negligence, if he was not guilty of a want of ordinary care."

The following appears in the instructions:

"But if the defendant should give the plaintiff reasonable instructions as to the use of tools and machines, and the plaintiff should not observe such instructions, and should receive an injury in consequence, the defendant would not be liable therefor and the plaintiff could not recover."

The above fails to call the attention of the jury to the fact that, in determining what were reasonable instructions to appellant, they should take into consideration all the circumstances, particularly the boyhood of appellant and the extent and character of his experience; that to make such instructions reasonable, they must have been such as would have been understood by an ordinary boy of appellant's age and experience, leading such a one to appreciate the dangers of the situation. It is true, in another instruction reference is made to the age, experience, and capacity of appellant, and that re-

spondent should have taken these into consideration when instructing appellant; but no standard is specified for such instructions except that that degree of care should be exercised which an ordinarily prudent person would exercise under like circumstances. We think, in view of the boyhood of appellant and of his necessarily limited experience at the age of fifteen years, that he was entitled to more specific statement of the duties resting upon the employer of children than the mere general statement applicable to the ordinary cases of adult persons.

"Complaint is further made of a series of instructions, all to the effect that the conduct of the deceased, who was a girl of 13, was to be measured by what 'an ordinarily cautious, careful, and prudent person would have done under the same circumstances.' It is said that herein no allowance is made for the fact that the deceased was a minor child, and that the jury might well have been misled into believing that the care, caution, and prudence required of her were the care, caution, and prudence which the ordinary adult person would have exercised under the same circumstances. Of course, as was said in *Studer v. Southern Pacific Co.*, 21 Cal. 400, 53 Pac. 942, 66 Am. St. 39: 'The same act which would be negligence in an adult may not be such if done by a child, but a child is required to exercise the same degree of care that would be expected from children of his age, or which children of his age ordinarily exercise. . . . Children, as well as adults, should use the prudence and discretion which persons of their years ordinarily have. The law imposes upon minors the duty of giving such attention to their surroundings and care to avoid dangers as may fairly and reasonably be expected from persons of their age and capacity.' In this regard, also, to avoid the possibility of misunderstandings, the instructions could profitably be made more explicit." *Quill v. Southern Pacific Co.*, 140 Cal. 268, 73 Pac. 991.

With respect to the difference between the general rules applicable in cases of adults and children, see, also, *Kirby v. Wheeler-Osgood Co.*, 42 Wash. 610, 85 Pac. 62.

The following instruction was given:

"It is also the law that the plaintiff assumes all known dangers in and about his duties, and if there were defects or dangers in and about the machinery, plaintiff was working at, and the plaintiff knew, or in the exercise of ordinary care should have known of such defects and dangers, then he assumes all risk of danger from such defects, and if he is injured thereby the defendant would not be liable and the plaintiff cannot recover; and where the defects, if any, are known and apparent, the plaintiff assumes all danger therefrom, whether he has been instructed as to such defects or not."

In the above instruction no reference is made to the boyhood of appellant, or to the rule as to ordinary care in such a case. The jury were left to infer that the same test for determining ordinary care applies in the case of instructing the child as in that of an adult. In this respect the instruction was defective.

"In such cases, while a minor employee is held to have assumed the risks of the employment, yet it is only such risks as one of his age, discretion, and experience can be said to have comprehended that he will be charged with having assumed. And he may recover for injuries resulting from dangers that, by reason of youth, immaturity, and inexperience, he was unable to fully apprehend, and the perils of which had not been explained to him."  7 Am. & Eng. Ency. Law (2d ed.), pp. 407, 408.

The following instruction was given:

"If the plaintiff himself did any act which contributed proximately to his injury, then he can not recover, and the defendant would not be liable, even if the defendant was negligent in any one or more of the respects alleged in the complaint, and of which caused the injury. In other words, where the plaintiff himself did anything which contributed in any way to the injury as I have heretofore stated, then he cannot recover even if the defendant was negligent."

The above instruction squarely stated to the jury that, if the appellant did "anything" which "in any way" contributed to his injury, he could not recover, and that, too, without re-

gard to how much or what degree of care he may have exercised under all the circumstances. The instruction was erroneous within the decision in *Atherton v. Tacoma R. & Power Co.*, 30 Wash 395, 71 Pac. 39, and cases there cited. The rule as stated in the instruction requires that appellant, in order to entitle him to recover, should have been absolutely free from any negligence whatever. By the opinion cited, and other decisions of this court there mentioned, it is established in this state that all that the law requires in such cases is the exercise of ordinary care under the circumstances surrounding one, and that he may exercise such care although he may be slightly negligent in the broadest sense of the term.

Other assignments are made, relating to the instructions given and requests refused; but we believe further discussion is not necessary, in view of what has been hereinbefore said.

The judgment is therefore reversed, and the cause remanded with instructions to grant a new trial.

CROW, MOUNT, and DUNBAR, JJ., concur.

FULLERTON, J.—I think the last instruction quoted erroneous, and for that reason concur in the result.

RUDKIN, J., concurs with FULLERTON, J.