[No. 7647.   Decided May 4, 1909.]

EDGAR GAGE, *a Minor, by J. I. Seward, his Guardian Ad Litem, Respondent,* v. SPRINGSTON LUMBER COMPANY, *Appellant.*[1]

MASTER AND SERVANT—YOUTHFUL EMPLOYEE—ASSUMPTION OF RISKS—QUESTION FOR JURY. In an action by a youth 15 years of age, injured on a cut-off saw, whether the dangers were obvious and ought to have been avoided is for the jury, where it appears that he was put to work on the saw, which was out of repair and unsafe, without being warned of the increased hazards.

SAME—DUTY OF MASTER—INSTRUCTIONS TO JURY. Instructions as to the duty of a master to a youthful employee are not erroneous as assuming questions proved, where they were but the statement of general rules under the issues, and other instructions properly submitted such issues to the jury.

SAME—An instruction as to the involuntary contact of an employee with a saw is not erroneous as failing to define "involuntary."

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 4, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor employee in operating a cut-off saw.   Affirmed.

*Danson & Williams* and *Peacock & Ludden,* for appellant.

*Robertson & Rosenhaupt, T. H. Wilson,* and *John C. Kleber,* for respondent.

FULLERTON, J.—This is an appeal by the defendant from a judgment for plaintiff, entered in an action brought to recover damages for personal injuries.   The cause was before this court on a former appeal, and will be found reported in 47 Wash. 141, 91 Pac. 558.   The second trial was had on the issues as originally framed, which are clearly and lucidly stated in the former opinion.

[1]Reported in 101 Pac. 501.

The first error assigned is the refusal of the court to sustain the several challenges interposed to the sufficiency of the evidence. It is contended first that there was no evidence of negligence on the part of the defendant. The evidence is voluminous and it would not be permissible to enter upon its review at length, but we find substantial evidence in the record on this point. The plaintiff's proofs tended to show that, at the time of the accident, he was but fifteen years of age; that he was put to work on a cut-off saw both out of repair and of unsafe construction, and was not instructed as to the safe ways of operating the saw, nor warned of the increased hazards arising from its defective condition. With respect to an adult, who might be expected to see and know the hazards connected with operating a saw in the condition of this one, it might not be negligence to direct him to work therewith without warning him of the dangers he would encounter, but we cannot apply the rule to a youth of the age of this plaintiff. Whether the dangers were so open and obvious that one of his age and experience ought to have observed and avoided them was a question for the jury. The court cannot hold him accountable as a matter of law.

The contention that the accident was the result of the plaintiff's own negligence we think is equally without support in the record. The most that can be claimed on this point is that the evidence was conflicting. Nor do we think the defendant has succeeded in demonstrating that it is physically impossible for the accident to have happened if the plaintiff was, at the time of the injury, in the position he testified he was in. It will be remembered that the plaintiff operated a cut-off saw, fastened to a swinging frame, which allowed the saw to be pulled forward across the slab it was desired to cut. Fastened to the base on which it was hung was a heavy iron bar bent in the shape of a half circle which the plaintiff used as a handle to pull the saw through the slab. He described the accident as happening when he was in front of the handle pulling the saw through a slab with his right hand; saying

that, when he did so, the saw caught on the slab and suddenly jumped forward, catching his arm and cutting it off at the elbow. The defendant argues that this statement cannot be true, because the handle of the saw, when he had been in the position described, would have caught him on the breast and pushed him away from the saw out of danger. But clearly this is mere speculation. Had the handle struck him squarely it might have done so, but it would seem that if he happened to be on one side of the center, the tendency would be to push him farther in that direction than directly backwards.

The court, among others, gave to the jury the following instructions:

"In this case it is claimed on behalf of the plaintiff that he is a minor, and was at the time of the happening of the accident of the age of 15 years. I instruct you that while a minor employee is held to have assumed the risk of the employment, yet it is only such risks as one of his age, discretion and experience can be said to have comprehended, and he may recover for injuries resulting from dangers that by reason of youth, immaturity and inexperience, he was unable fully to comprehend, and the perils of which had not been explained to him.

"You are instructed that it is the duty of an employer to give to a minor such general instructions as to the danger of working at a cut-off saw as would reasonably inform the minor of the danger incident to the business, considering the experience that the minor had in the business, if any, degree of intelligence and his capacity to perform the work, and such instructions should be given as would satisfy a reasonably careful and prudent person that the minor was informed of the danger that would be likely to befall a boy of the same age while working around the place where he was injured; and the defendant in this action should have exercised reasonable care in instructing the plaintiff as to the safe manner of performing his duties, and warning him of the dangers of adopting other and unsafe measures.

"I instruct you that an employer owes to the employee the duty and obligation to supply a place reasonably safe, and proper appliances, calculated when used safely to perform the work without danger, except such as is apparent therein,

and the employer owes such obligation to the employee continuously and when a danger arises in the use of an appliance by reason of the defective condition thereof, known to the master, it is the duty of the master to especially instruct upon such danger of such defective appliances, unless the same is patent and obvious or known to the employee, and the danger thereof is reasonably understood by the person operating the same.

"I further instruct you that if you find that there was a danger from involuntary contact which would be brough+ about by the improper use of the saw, which danger must be guarded against by the operator, in connection with guarding against the voluntary contact of the body of the person with the saw, it is for you to determine from all the testimony whether or not such danger would be comprehended by a boy of the age and discretion of the plaintiff; and it is for you to determine to what extent a boy of such age, understanding and experience should be instructed in order to comprehend the dangers arising from such use as the saw was designed for, and you are to judge to what extent, if at all, the plaintiff should have been warned and instructed in the light of the facts in this case and circumstances thereof."

Of the first, it is contended that it assumes that the hazards pertaining to the plaintiff's employment had not been explained to him; of the second, that the jury could fairly infer from its latter clause that the court meant to instruct them "that the defendant failed to exercise reasonable care in instructing the plaintiff;" of the third, that the court assumed and instructed the jury that there were defective appliances in use in the defendant's mill with which the plaintiff was required to work; and of the fourth, the following:

"This instruction was error. If the jury were to pay any attention to this instruction, they can come to only one conclusion. That is, that any contact with the saw which could have by any means been guarded against by the defendant was negligence on the part of the defendant. This would include the plaintiff's own accidental falling against the saw. If we are to understand anything from involuntary contact as mentioned by our supreme court, it is a contact with a saw that would be caused by operating the saw by a person who

was ignorant, and that by reason of his ignorance he would be injured by the saw. The instruction is error for the reason that it does not define what the court means by involuntary contact. As the instruction stands, it would include every contact with the saw, whether accident of the plaintiff or whether it was failure of the defendant to properly instruct, or through any other negligence of the defendant or plaintiff, and for this reason was misleading to the jury, giving the impression that every contact with a saw by the plaintiff was negligence on the part of the defendant."

None of the criticisms appear to us to be just. Manifestly in the first three of the instructions, at least, the court did no more than lay down general rules as to the duties of the defendant under given circumstances, intending them as a guide to the jury when they should come to consider the facts. Elsewhere the court had instructed them as to the issues in the case, telling them that these very questions which it is thought the court here assumed as proved were questions for them to determine from the evidence, and that they were the sole judges of the facts. In the light of this, it seems impossible that the jury could have been misled. It needs no elucidation to show that the criticism of the fourth instruction is not merited. Surely the word "involuntary" cannot be so uncommon that people of ordinary understanding are presumed not to know its meaning.

Other assignments go to the sufficiency of the evidence, and have already been noticed.

The judgment is affirmed.

RUDKIN, C. J., CROW, CHADWICK, DUNBAR, GOSE, MOUNT, and PARKER, JJ., concur.