[No. 17859.   Department Two.   August 6, 1923.]

WILLIAM E. SPARR, *by his Guardian ad Litem* BARBARA S. SPARR, *Respondent*, v. AMERICAN TUG BOAT COMPANY, *Appellant*.[1]

MASTER AND SERVANT (59)—NEGLIGENCE OF MASTER—WARNING AND INSTRUCTIONS—INEXPERIENCED AND YOUTHFUL EMPLOYEE—QUESTION FOR JURY. The negligence of the defendant and the proximate cause of injury to an inexperienced deck hand, fifteen years of age, when he was caught in the tow line, is a question for the jury, where there was evidence that he was required by the captain to loosen the line of a tow to let the line run out, and thereafter make it fast, a duty he had never performed unassisted, and that he had not been instructed as to the danger in failing to keep clear of the running line, coiled on the deck.

SAME (94, 108)—ASSUMPTION OF RISKS—CONTRIBUTORY NEGLIGENCE—YOUTHFUL EMPLOYEE—QUESTION FOR JURY. In such a case, the assumption of risks and contributory negligence of the plaintiff are questions for the jury, where he testified the tow line was comparatively new and hard to handle, and he accidentally stepped into a loop of the line while attempting duties he had not performed before.

DAMAGES (85, 88)—EXCESSIVE DAMAGES—INJURY TO LEG—IMPAIRMENT OF EARNING POWER. A verdict for $5,000, for injuries sustained by a deck hand fifteen years of age, is not excessive where his leg was broken and crushed in a severe manner, he was in the hospital

[1]Reported in 217 Pac. 53.

twelve weeks and compelled to walk.on crutches for more than a year, and to use a cane three and one-half years after the accident.

TRIAL (101)—INSTRUCTIONS—ALREADY GIVEN. It is not error to refuse requested instructions that are embodied in substance in the instructions given.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 19, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by one employed as a deck hand on a tug boat. Affirmed.

*Coleman & Fogarty,* for appellant.

*E. C. Dailey* and *A. E. Dailey,* for respondent.

PARKER, J.—The plaintiff, Sparr, commenced this action in the superior court for Snohomish county, seeking recovery of damages for personal injuries which he claims resulted to him from the negligence of the defendant tug boat company while in the employ of that company, in that he was ordered by the captain of the boat on which he was working to attend the tow line and perform a duty with reference thereto attended by dangers of which he was not instructed and which, by reason of his youth and inexperience, he did not appreciate, and in the performance of which he was injured. A trial in the superior court, sitting with a jury, resulted in verdict and judgment awarding to the plaintiff recovery in the sum of $5,000, from which the defendant has appealed to this court.

The principal contention here made in behalf of appellant is that the evidence does not support any recovery by respondent. On December 22, 1918, the day on which respondent was injured, he was about three months past fifteen years old. He had then worked on this and another similar tug boat for appellant, during different periods in that fall, aggregating

about forty days. His duties were generally that of a deck hand. He had assisted in attending the tow line; that is, in letting it out, taking it in, and making it fast; but, according to his own testimony, he had never let out the tow line alone while it was attached to a tow, but had only assisted others in doing so. He had received some instructions concerning the making fast and the letting out of the tow line, but apparently was not instructed as to the very grave necessity of keeping clear of the tow line when it was running out while attached to a tow.

At the time in question, the boat had a boom of logs in tow. It had come out of the mouth of a slough into open water on the Sound, the tow line being but a short distance out to the tow; this being rendered necessary by the nature of the confined and tortuous channel of the slough. When the boat reached open water, it became, as usual, desirable that the distance between the boat and the tow be materially increased by the letting out of the line, the boat with the tow being thus enabled to make better headway. To that end, the boat was slowed down so that there would be slack in the tow line. Respondent was then ordered by the captain to loosen the line from the bitts and allow it to run out, when the boat's speed was increased to insure the line running clear of the propeller. Respondent had the duty not only to let the line run out, but also to make it fast to the bitts again when the line had run out the desirable distance. The line was coiled on the stern of the boat, some twelve feet in the rear of the bitts, and was allowed to run forward through the bitts and then back over the stern of the boat. Respondent, in attending the line and seemingly while going forward towards the bitts from where the line was coiled on the stern, or possibly while attempting

to make the line fast to the bitts, accidentally stepped into a loop of the line when his leg was suddenly carried by the line against and between the bitts, breaking and crushing his leg, for which injury he here sues.

Respondent testified that the rope was comparatively new, and hence stiff and hard to handle. All of this duty was performed by respondent by order of the captain, and wholly without assistance, according to respondent's testimony. There is but little conflict in the evidence as to how the accident actually happened, though there is considerable conflict in the evidence as to the extent to which respondent was instructed with reference to the handling of the tow line. We do not find in the evidence, however, any direct testimony to the effect that respondent was instructed as to the dangers attending a failure to keep clear of the line while it is running out; that is, to keep clear of it in the sense that he should be sure and not come in contact with it in such a manner as to become entangled in it. We think this is a fair statement of the facts which the jury might believe touching the question of appellant's negligence and of respondent's assumption of risk or contributory negligence.

We are of the opinion that these facts, which might well have been believed by the jury, show a situation which would not warrant the court in taking the case from the jury and deciding, as a matter of law, that appellant was free from negligence, or that such negligence was not the proximate cause of respondent's injury, or that respondent had either assumed the risk or was guilty of contributory negligence. We think observations made in our decision in *Kirby v. Wheeler-Osgood Co.*, 42 Wash. 610, 85 Pac. 62, constitute all the law that need be cited in support of this conclusion.

Attention is called to our recent decision in *Fortier v. Robillard,* 123 Wash. 599, 212 Pac. 1083, in support of contentions here made by counsel for appellant. In that case, the injured plaintiff was seventeen or eighteen years of age, and we think more clearly appreciated the danger in question than respondent did in this case. In that case, the plaintiff took hold of a wire which had accidentally become enmeshed in the cogwheels of a hay baler and was being drawn into the cogs, he taking hold of the wire within a foot of the cogs where the wire was being drawn in, and being able to plainly see and appreciate the danger of so taking hold of the wire, when his glove was caught on the bent end of the wire, drawing his hand into the cogs. The court there held, as a matter of law, that he could not recover; which holding was affirmed by this court. We have no such situation here. In the light of all the circumstances here shown, viewed with reference to the youth, inexperience, and want of instruction given to the respondent, as the jury might believe from the evidence, we conclude that the cause was properly left to the jury to decide.

It is further contended that the award of damages to respondent is excessive; this contention, however, being presented to us with but very brief argument. It appears that appellant's leg was broken and crushed in a very severe manner. He was in the hospital twelve weeks following his injury. Two or three extra operations had to be performed upon his leg during that period. Thereafter he was compelled to walk on crutches for considerably more than a year, and at the time of the trial, which occurred in May, 1922, some three and one-half years after the injury, he still limped and was compelled to a considerable extent to walk with a cane; his leg still having some open sores

upon it, apparently the result of his injury. He has worked some since he was injured, but it is apparent that his earning power has been very materially decreased and will so continue for at least some considerable time. In view of his apparent suffering and the decrease of his earning power, we cannot say that the trial court abused its discretion in refusing to interfere with the verdict because of the award being excessive.

Some error is claimed and briefly argued touching the refusal of the trial court to give certain requested instructions. We are quite convinced that the refusal to give these requested instructions in the language requested was not prejudicial error, in view of the fact that all of them are embodied, in substance, in the instructions which were given by the court.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.