[No. 30331. Department One. January 8, 1949.]

B. FLOYD COTTON, *Individually and as Guardian ad Litem, et al., Appellants,* v. MORCK HOTEL COMPANY *et al., Respondents.*[1]

[1]Reported in 201 P. (2d) 711.

*F. W. Loomis,* for appellants.

*Lycette, Diamond & Sylvester* and *Theodore B. Bruener,* for respondents.

BEALS, J.—This action was instituted by B. Floyd Cotton, individually, and Robert Cotton, by B. Floyd Cotton, his guardian *ad litem,* against the Morck Hotel Company, a corporation, and William V. Appel, defendants.

The defendants demurred to the complaint, as amended pursuant to stipulation of the parties, and, after argument, the trial court filed its memorandum decision, stating that the demurrer should be sustained, upon the ground that the amended complaint failed to state facts sufficient to constitute a cause of action.  Later, a formal order sustaining the demurrer was entered, followed by an order which, after stating that the plaintiffs had elected to stand on their amended complaint, dismissed the action.  From this order dismissing the action, plaintiffs have appealed.

Appellants assign error upon the entry of the order sustaining respondents' demurrer to the amended complaint and upon the order dismissing the action.

The amended complaint contains the following allegations: that the appellant B. Floyd Cotton is a resident of Aberdeen, Washington, and is the father of his ward, Robert Cotton; that the respondent Morck Hotel Company (hereinafter referred to as Morck) is a corporation having its principal place of business in Aberdeen, where it operates the Morck Hotel, in a large hotel building containing a restaurant and dining room, as well as many rooms rented to guests; that the respondent William V. Appel was, at the dates referred to in the amended complaint, the manager of the hotel; that, on or about October 1, 1943, appellant Robert Cotton was employed by Morck, through its agent, Appel, as a bellboy, among his duties being that of keeping

the fireplace in the lobby supplied with wood, of removing baggage to and from the rooms of the hotel, and, generally, of serving the guests and following the directions of Appel or any of the desk clerks on duty; that, at the time mentioned, it often happened that only one bellboy was on duty, and, there being available no hand truck or other device for moving wood for the fireplace, and baggage, the bellboys were frequently required to carry or move, without assistance, heavy articles,

" . . . the weight and shape of said objects and the attending circumstances being such that no person and particularly no boy of the age and development of the said Robert Cotton should have been required to so handle the same and that these conditions were dangerous and were known or by the exercise of reasonable diligence should have been known . . . "

to the defendants and their subordinates; that it was customary for hotels, similar to the Morck, to provide hand trucks or other devices for lifting or moving heavy objects, and that it was also customary for hotels to have on duty, at the same time, more than one bellboy or to have available some person to assist, when needed, in handling luggage, and so forth.

The amended complaint further alleged that, on or about February 24, 1944, appellant Robert Cotton, being then in the course of his employment, was directed by the desk clerk to take a large rectangular box, in size about five feet by three feet by two feet, which was standing near the door of the passenger elevator on the ground floor of the hotel, to a room on an upper floor; that the box was sealed, had no handles, was not roped, and was "very heavy"; that the box and the elevator door were in plain view of the desk clerk when he directed Robert to move the box and while Robert was placing the box in the elevator, which he accomplished with "some clearly apparent difficulty"; that Robert then took the box, by means of the elevator, to the proper floor, and opened the elevator door;

". . . that the most feasible way, and in fact the only way that the said box could be moved to the said room by

the said Robert Cotton as it then and there appeared to him, was to carry it on his shoulder; that he got the said box on his shoulder and had only proceeded with it a few steps when he heard something snap or pop in his back and at the same time felt an excruciating pain like a knife or needle being stuck into his back; that the injury then and there sustained by the said Robert Cotton as nearly and as particularly as he is able to describe the same was, to-wit: spinal lesion or hemorrhage of or into the spinal cord due to strain and resulting in a shrunken, degenerated spinal cord, due to lifting and/or carrying the said box as above described, same being too heavy and too awkward to be handled in that manner";

that prior to the occurrence above referred to, Robert was a healthy, active boy, between fifteen and sixteen years of age (he was born April 28, 1928); that, prior to accepting a position with respondent Morck, he had never worked as a bellboy or otherwise than at light part-time jobs; that he was able to earn two hundred dollars a month, but that, after suffering the injuries above referred to, he was able to earn very little.

The amended complaint stated that Robert

". . . was never offered and never asked for help or equipment in connection with his said work because he was satisfied that same was not available, and that he would in all probability be discharged if he asked for it and further, that he was never warned of any danger in connection with his said employment or the moving of the said box and did not know or appreciate any danger although if either adequate help and/or suitable hand truck or device had been available he would have used the same generally and upon the time and occasion of his said injury for the work often severely taxed his capacity although he did not realize any danger in connection therewith."

The amended complaint then charged that the matters therein alleged constituted negligence on the part of respondents, by way of failure to provide a hand truck or other suitable equipment, failure to provide sufficient help, failure to warn of the danger connected with the employment and with moving the heavy box referred to without adequate help or equipment, in directing that the box be

moved in a manner dangerous to the mover, and in directing Robert to undertake a labor beyond his strength.

The amended complaint then further alleged that, as the result of the injuries suffered by Robert, he is partially paralyzed in both legs and unable to "engage consistently in any gainful employment"; that he is nervous and unable to study or take rehabilitation training, or enjoy recreation which requires his continued attention for any considerable length of time; that he suffers from annoying and dangerous internal injuries, suffers from backache, and other ailments, physical and mental, including worry, apprehension, and humiliation; that he has sustained loss of earnings in a large amount; and that his earning capacity has been reduced, to his further damage, in an amount specified.

The amended complaint further alleged that appellant B. Floyd Cotton has incurred expenses and suffered loss, on account of the injuries to his son Robert, in the amount of $1,234.

Appellants demanded judgment against respondents for the last-mentioned sum and for fifty-seven thousand dollars by way of damages suffered by Robert, together with their costs.

In their brief, appellants properly discuss their assignments of error together, and state that "No factory act or employer's liability act or minimum age act shields in any degree this young lad from the common law defenses."

In their brief, appellants refer to Robert Cotton as though he were the only plaintiff and, in this opinion, he will be referred to as appellant.

It is evident that, with the commendable desire to place his position clearly before the court, appellant pleaded some matters which he would admit, if cross-examined as a witness, so that, in ruling upon the demurrer, the trial court would have before it certain facts which would be brought out on the trial.

Respondents moved to strike from the amended complaint (which we shall hereafter refer to as the complaint) and also moved to strike that complaint, upon the ground that it contained improper matter. By stipulation, the com-

plaint was amended in one unimportant particular and a few words were added. The court then entered the order sustaining respondents' demurrer to the complaint, which was followed by the order dismissing the action, from which this appeal is prosecuted.

Appellants and respondents have filed comprehensive briefs in support of their respective contentions, appellants citing some ninety-four cases and texts and respondents seventy-six.

In this opinion, unless otherwise indicated, we shall refer to Morck Hotel Company as though it were the sole respondent.

■ In considering the sufficiency of a complaint, as against a general demurrer, the rule is stated in *McHenry v. Short*, 29 Wn. (2d) 263, 186 P. (2d) 900, as follows:

"In determining whether or not a complaint is sufficient as against a demurrer, the pleading, taken as a whole, will be liberally, not strictly, construed, with a view to substantial justice between the parties. Rem. Rev. Stat., § 285 [P.P.C. § 86-3]; *McMahan v. Mutual Benefit Health & Acc. Ass'n*, 28 Wn. (2d) 202, 182 P. (2d) 4, and cases therein cited."

The case cited was referred to, with approval, in *Witte v. Old Nat. Bank of Spokane*, 29 Wn. (2d) 704, 189 P. (2d) 250, in which case we also cited 49 C. J. 420, § 535b, and 41 Am. Jur. 464, § 245.

■ In the case of *Puget Mill Co. v. Duecy*, 1 Wn. (2d) 421, 96 P. (2d) 571, we referred to Bancroft's Code Pleading as follows:

"The allegations of fact, together with the reasonable inferences therefrom, in the complaint are admitted by the demurrer to be true; that is, the demurrer admits the truth of all well pleaded facts as well, also, as every legitimate inference deduced from such facts. 1 Bancroft's Code Pleading, 365.

"The rule as to admissions by demurrer is subject to the qualification that omitted circumstances which are indispensable to the cause of action are not confessed; and any inference of fact which is not presumed or which may not be necessarily inferred from the facts alleged is not admitted. 1 Bancroft's Code Pleading, 296, 297."

We consider the complaint before us in the light of the authorities above cited and other similar, well-settled principles of the law of pleading.

It is alleged in the complaint that appellant was born April 28, 1928, and, consequently, he lacked two months of being sixteen years of age February 24, 1944, the date of his injury. The complaint further alleges that his father (appellant B. Floyd Cotton) had emancipated appellant, in so far as the latter's earnings were concerned. At the time of the accident, appellant had been in the employ of respondent, as bellboy, for almost five months.

Appellant argues that the complaint charges actionable negligence on the part of respondent in several particulars: first, that respondent failed to provide sufficient help to accomplish the work which appellant was called upon to perform; second, that respondent failed to warn appellant of danger which inhered in his employment and, particularly, in the moving of the box referred to in the complaint; third, that respondent's employee, who was acting as desk clerk at the time appellant was injured, was negligent in directing appellant to move the box, unaided, from the main floor of the hotel to the guest's room, and, fourth, that respondent was negligent in failing to furnish a hand truck for appellant's use in moving the box.

The size of the box which appellant was told to deliver at the guest's room is somewhat indefinitely stated in the complaint, as above set forth. Concerning its weight, the complaint alleges that it "contained something which was very heavy." This is an extremely vague and indefinite allegation. A study of the pleading affords no substantial basis for even a guess as to the weight of the box. The complaint does not allege that the clerk on duty had any information concerning the weight of the box. It is alleged that appellant moved the box into the elevator "with some clearly apparent difficulty," but it is not alleged that the desk clerk observed this.

A box of the size referred to might well be an awkward object to move in or out of an elevator, depending somewhat upon the width of the elevator door. The complaint does

not inform us as to how appellant moved the box into or from the elevator, but simply alleges that it appeared to appellant that the only way to move the box from the elevator to the designated room was to carry it on his shoulder. The distance from the elevator to the room is not stated. Other obvious methods of moving the box to the room were certainly available. It would seem that the box might have been pushed along the floor or turned end over end. Appellant deliberately chose another method, that of carrying the box on his shoulder.

Appellant pleads, by way of an admission, that he never asked for help in the performance of his duties or for any equipment to use in connection therewith, because he was satisfied that neither was available, and that he would probably be discharged if he made any such request.

Appellant discusses different charges of negligence alleged in the complaint, under separate ·headings, also arguing that the complaint does not show that appellant was guilty either of contributory negligence or assumption of risk.

The complaint nowhere alleges that the respondent, or any of its agents, had any information concerning the weight of the box which appellant was directed to move or that the box was too heavy for appellant to handle. Respondents call attention to the fact that the complaint does not allege that a truck or other equipment was, in fact, required for moving the box, and that the complaint affirmatively alleges that appellant made no request for assistance in moving the box or for equipment to use for that purpose; that appellant moved the box from the ground floor of the hotel into the elevator, prior to his injury, and that he used his own judgment in handling the same.

Respondents call attention to the fact that the complaint contains much immaterial matter, that it is repetitious, and states many conclusions, both of fact and of law. The complaint is subject to these criticisms.

A demurrer to a complaint admits the truth of facts well pleaded, but does not admit the truth of conclusions or allegations concerning immaterial, irrelevant, or incom-

petent matters. *Hamp v. Universal Auto Co.*, 173 Wash. 585, 24 P. (2d) 77; *In re Johnson's Estate*, 187 Wash. 552, 60 P. (2d) 271, 106 A. L. R. 217; *Fuller & Co. v. Sheble Constr. Co.*, 198 Wash. 84, 87 P. (2d) 287; *Lidral Constr. Co., Inc. v. Parker*, 9 Wn. (2d) 128, 113 P. (2d) 1022.

The following cases, cited by respondent, are pertinent to the questions here presented:

In the case of *Sainis v. Northern Pac. R. Co.*, 87 Wash. 18, 151 Pac. 93, a judgment was entered in plaintiff's favor upon the verdict of a jury. It appeared that the plaintiff and another workman were engaged in unloading rocks from flat cars. Some of the rocks were small and some very large and heavy. Plaintiff and another workman were directed by the foreman to unload a heavy rock. They asked for additional assistance, but the foreman, after examining the rock, told them that they were able to unload it without assistance, and that no further help was available, whereupon they proceeded with the task assigned to them, with the result that plaintiff was severely injured. This court reversed the judgment appealed from, with directions to dismiss the action.

In the case of *Kosinski v. Hines*, 113 Wash. 132, 193 Pac. 209, the trial court dismissed the action at the close of the plaintiff's case. The evidence disclosed that the plaintiff suffered an injury to his shoulder while, with five other men, carrying heavy channel irons. The complaint alleged that he was directed by his foreman to leave his regular work and assist the other men in carrying the irons; that he was inexperienced in such work, which fact the defendant knew; that the load to be carried was too heavy for the number of men assigned to the task; that he was not warned that the load was too heavy for six men, and that the defendant was negligent in failing to furnish a truck. The trial court held that the evidence disclosed no negligence on the part of the defendant, and this court affirmed the judgment.

In the case of *McGillivary v. Montgomery Ward & Co.*, 19 Wn. (2d) 582, 143 P. (2d) 550, this court, sitting *En Banc*, affirmed a judgment of the superior court dismissing an

action for recovery on account of personal injuries, after sustaining a demurrer to the complaint. The plaintiff was employed by defendant as a shipping clerk, his duties including the moving of articles of merchandise. The complaint alleged that he was injured while moving a bathtub, weighing approximately six hundred pounds, which had been placed upon a truck, plaintiff alleging that the truck was not suitable for the task. The plaintiff alleged that he was directed to use the truck, " 'notwithstanding plaintiff's objections to the use of said equipment by virtue of the dangerous nature and condition of said equipment.' " The complaint further alleged that the plaintiff " 'loaded such crated bathtub' " on the truck and commenced moving the same; that the tub, because of the improper construction of the truck, started to tip from the truck, and that plaintiff, in endeavoring to prevent the tub from slipping, suffered severe injuries. In the course of the opinion, we said:

"In considering the effect of a pleading to which a demurrer has been interposed, it is the approved rule that its allegations must be liberally construed in favor of the pleader, and that the demurrer admits the truth of the facts well pleaded, including every legitimate inference deduced therefrom, but does not admit the truth of the inference of facts alleged, unless those facts are sufficient to justify the inference. [Citing cases.]"

We held that certain allegations of negligence on the part of the defendant were merely conclusions of law, and that the complaint showed that the truck came within the "simple tool doctrine."

Among the authorities cited by appellant are the following:

In the case of *Rosin v. Danaher Lbr. Co.,* 63 Wash. 430, 115 Pac. 833, 40 L. R. A. (N.S.) 913, the court said:

"It is elementary that a master must provide a sufficient number of servants to safely perform the required work."

In *Blair v. Spokane,* 66 Wash. 399, 119 Pac. 839, this court held that

". . . knowledge of the danger does not of itself constitute contributory negligence in law, and that it is for the

jury to say whether knowing the danger the deceased used care and caution commensurate with the danger."

In *McGinn v. North Coast Stevedoring Co.*, 149 Wash. 1, 270 Pac. 113, the court said:

"The law is also well settled that the employee does not assume the risk of his employer's negligence or the negligence of his agents or employees in the nonperformance of a non-delegable duty. [Citing cases.]"

The case of *Arneson v. Grant Smith & Co.*, 120 Wash. 98, 206 Pac. 960, is several times relied upon by appellant in different portions of his argument.

The cases of *Knudsen v. Moe Brothers*, 66 Wash. 118, 119 Pac. 27, *Hull v. Davenport*, 93 Wash. 16, 159 Pac. 1072, and other of our decisions, are relied on by appellant in connection with the rule that the matter of alleged contributory negligence on the part of a plaintiff is generally a question to be determined by the jury.

In connection with the matter of contributory negligence on the part of inexperienced persons or minors, appellant cites *Boyer v. Northern Pac. Coal Co.*, 27 Wash. 707, 68 Pac. 348, *Kirby v. Wheeler-Osgood Co.*, 42 Wash. 610, 85 Pac. 62, *Stark v. Port Blakely Mill Co.*, 44 Wash. 309, 87 Pac. 339, *Gage v. Springston Lbr. Co.*, 47 Wash. 141, 91 Pac. 558, *Lindblom v. Hazel Mill Co.*, 91 Wash. 333, 157 Pac. 998, *Wickman v. Lundy*, 120 Wash. 69, 206 Pac. 842, and *Sparr v. American Tug Boat Co.*, 126 Wash. 59, 217 Pac. 53.

In support of appellant's argument that he undertook the moving of the box in the only available manner, appellant cites *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480, and *Norman v. Alaska Coast Co.*, 81 Wash. 64, 142 Pac. 434.

Appellant cites *Hinckel v. Steigers*, 30 Wn. (2d) 171, 191 P. (2d) 279, which case was based upon injuries suffered by an eleven-year-old boy, who was afflicted with epilepsy, and who had been struck by defendant's automobile. We held that the question of contributory negligence on the part of the boy was for the jury to determine. In the course of the opinion, the court quoted from the opinion in *Steele*

*v. Northern Pac. R. Co.,* 21 Wash. 287, 57 Pac. 820, the following:

" 'It must be admitted that the authorities are not uniform, so far as the question of contributory negligence is concerned, but the great weight of authority is to the effect that, before a court will be justified in taking from the jury the question of contributory negligence, the acts done must be so palpably negligent that there can be no two opinions concerning them.' "

Appellant also relies on *Jurisch v. Puget Transp. Co.,* 144 Wash. 409, 258 Pac. 39, *Morris v. Union High School Dist. A,* 160 Wash. 121, 294 Pac. 998, *Rumford v. Snider,* 31 Wn. (2d) 431, 197 P. (2d) 446, *Leonidas v. Great Northern R. Co.,* 105 Mont. 302, 72 P. (2d) 1007, and the same case, *Great Northern R. Co. v. Leonidas,* 305 U. S. 1, 83 L. Ed. 3, 59 S. Ct. 51.

Appellant then discusses authorities cited by respondents and argues that they are not controlling in the case at bar.

Appellant alleges his employment by respondent, as a bellboy, October 1, 1943. On the day appellant was injured, he was directed to move the box referred to in the complaint from the main floor of the hotel to a room on an upper floor. The approximate size of the box is stated in the complaint, but, concerning its weight, the allegation is merely that the box "contained something which was very heavy." That is a most indefinite allegation. It is impossible to form any opinion as to the weight of the box, or whether its weight was evenly balanced.

The complaint alleges that appellant placed the box in the elevator "with some clearly apparent difficulty," but does not allege that the desk clerk observed this. Upon arrival at the proper floor, it should be assumed that appellant removed the box from the elevator, that he placed it on his shoulder, after that operation, and "proceeded with it a few steps," before suffering the injury of which he complains. Appellant, with full knowledge of the situation, followed that course which seemed to him most appropriate.

It does not appear from the complaint that appellant was other than normal for his age, both mentally and physically. It appears from the complaint that appellant did handle the box successfully, in so far as placing it in the elevator and removing it therefrom were concerned. The fact that he did proceed this far demonstrates, of course, that the box was not so heavy that appellant could not handle it.

Appellant alleges that the injuries which he suffered were "due to lifting and/or carrying the said box as above described, same being too heavy and too awkward to be handled in that manner." Appellant, then, directly connects his injury with the method which he himself selected for moving the box from the elevator to its destination. The narrowest dimension of the box was approximately two feet. When appellant undertook to support the box on his shoulder, its entire weight, of course, rested thereon, which would certainly place a considerable strain upon his shoulder and spine, even though the box had not been "very heavy." Appellant deliberately chose this difficult method of moving the box, entirely on his own volition.

Appellant became fully cognizant of the weight of the box when he moved it into the elevator. If the box was too heavy for him, appellant could (and should) have so stated to the desk clerk, it appearing affirmatively that he did not ask for help, believing that, if he did so, he would probably be discharged; but appellant does not allege that he had been told not to ask for necessary assistance, and it is difficult to believe that any such opinion on his part had foundation in fact.

Any person of intelligence can estimate his own physical strength. The fact that appellant did lift the box to his shoulder indicates that the box was not too heavy for him to move. The complaint does not allege that respondent, or any of its agents, had any information concerning the weight of the box. Appellant was not required to expedite the operation, no emergency being alleged. By a reasonable exercise of his faculties, appellant could have estimated his own strength and his ability to move the box in any particular manner.

Allegations in the complaint to the effect that respondent was guilty of negligence in not providing equipment, such as hand trucks, for the handling of wood for the fireplace and articles belonging to guests at the hotel, are conclusions and are immaterial.

In such a case as this, when it appears that information concerning a task assigned by an employer to an employee, or the opportunity to acquire such information, is shared equally by the persons concerned, and where no protest or suggestion is made by the employee (assuming that any hazard involved is not great or openly apparent, and that no emergency exists), the general rule is that the employer is not liable for an injury suffered by the employee.

In the case at bar, there was no apparent danger to appellant in handling the box, and to deliver articles to the room of a guest is the ordinary duty of a bellboy.

By the allegation in the complaint that "the most feasible way, and in fact the only way" that the box could be moved to the guest's room, as it then and there appeared to appellant, was to carry the box on his shoulder, appellant attempts to place responsibility upon respondent for an accident resulting from the method adopted by appellant in carrying out the direction of the desk clerk.

In general, the complaint charges that respondent was negligent in failing to provide proper appliances for carrying heavy articles, in not furnishing adequate manpower for moving them, and in failing to warn appellant of danger in handling heavy objects. These general charges, considered with the specific allegations above referred to, are insufficient to state a cause of action against respondents.

The authorities cited by appellant do not support his contention that his complaint states a cause of action. A discussion of these cases would greatly extend this opinion, to no useful purpose.

Careful examination of the record convinces us that the trial court did not err in sustaining respondents' general

340

demurrer to the complaint, and the order thereafter entered, dismissing the action, is, accordingly, affirmed.

STEINERT, SIMPSON, and HILL, JJ., concur.

MALLERY, C. J., dissents.

_____

February 7, 1949.  Petition for rehearing denied.

