[No. 34516. Department Two. December 26, 1958.]

RALPH E. CREECH, *Appellant*, v. RUSSELL WEBBER et al., *Respondents*.[1]

[1]Reported in 332 P. (2d) 1094.

*Charles T. Morbeck,* for appellant.

*Palmer, Willis & McArdle,* for respondents.

WEAVER, J.—The trial court sustained a challenge to the sufficiency of plaintiff's evidence and entered an order dismissing his complaint with prejudice. Plaintiff appeals.

Defendants own a ranch on which crops are irrigated by a sprinkler system that consists of a series of connected aluminum pipes, three inches in diameter, forty feet in length, weighing approximately thirty-two pounds per section. Risers for the sprinkler heads extend vertically from a joint or from the center of a section of the pipe.

The method of joining the pipes has the mechanical simplicity of a pre-school educational toy. The end of one pipe is slipped into a flange on the end of a second piece of pipe. A twist of about one inch locks a lug on one pipe into the hooked end of a "J"-shaped slot on the other. Water pressure makes the joint reasonably water tight. When the pressure is off, the joint is loose, and water drains from the system. To uncouple two sections, one is twisted about an inch to disengage the lug from the slot.

Defendants employed plaintiff, a twenty-six-year-old man who had engaged in manual labor most of his life, to change the location of the sprinkler system, section by section, as necessity required. Defendants' foreman showed plaintiff the method used to move the sprinkler system.

Plaintiff worked for almost five days, during which time he coupled, uncoupled, and moved between one thousand and twelve hundred sections of the irrigation pipe. Plaintiff testified that the pipe "was not too heavy," that he did not complain of the work being dangerous or too strenuous, that he did not ask for assistance and that he never knew of more than one man, at a time, being employed to do the type of work he was doing.

On the fifth day, plaintiff injured his back while uncoupling a section of the irrigation pipe.

After a review of the record, we conclude, as did the trial court, that plaintiff's evidence fails to establish any negligence on the part of defendants that was the proximate cause of plaintiff's back injury. Plaintiff testified:

"As I got to this pipe I reached down and got ahold; as I raised I twisted and pushed. That is what I intended to do, and as I got the motion started that is when I felt the pain in my back."

■ Our disposition of the instant case is controlled by the doctrine announced in *Cotton v. Morck Hotel Co.,* 32 Wn. (2d) 326, 338, 201 P. (2d) 711 (1949) (and authorities cited and analyzed), wherein this court said:

"Any person of intelligence can estimate his own physical strength. . . .

". . .

"In such a case as this [a bellboy carrying a heavy package], when it appears that information concerning a task assigned by an employer to an employee, or the opportunity to acquire such information, is shared equally by the persons concerned, and where no protest or suggestion is made by the employee (assuming that any hazard involved is not great or openly apparent, and that no emergency exists), the general rule is that the employer is not liable for an injury suffered by the employee."

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.